DIANA A. KING, an Infant, by JOAN ALISON, Her Guardian ad Litem, Plaintiff, *v.* DARRYL A. KING et al., Defendants.

Supreme Court, Special Term, New York County, September 22, 1947.

*Lawrence S. Greenbaum, Theodore S. Jaffin* and *Milton Ross* for Alfred H. King, defendant.

*Arthur Block* and *Edith H. Burns* for plaintiff.

BOTEIN, J. This is a motion to dismiss a complaint for a declaratory judgment. The complaint is brought on behalf of the infant daughter of the defendants to set aside a Nevada divorce decree incorporating a separation agreement. The agreement recites that the father is under no obligation to support any child born thereafter to the mother of the infant. The infant herein is alleged to have been conceived in wedlock, but born after the divorce decree was rendered, and the complaint therefore requests a declaration of legitimacy in addition to other relief.

The motion must be granted. The infant's legitimacy is clear (Domestic Relations Law, § 119; *Commissioner of Public Welfare* v. *Koehler,* 284 N. Y. 260, 263; *Matter of Findlay,* 253 N. Y. 1, 7). In fact, no dispute in connection with the infant's legitimacy is alleged. Under such circumstances a complaint seeking a declaration of legitimacy is insufficient (*Somberg* v. *Somberg,* 263 N. Y. 1; *Wilder* v. *Wilder,* 181 Misc. 1059).

Since the infant's right to support is unaffected by the agreement (N. Y. City Dom. Rel. Ct. Act, § 137, subd. 5) **or**

the Nevada decree (*Mallina* v. *Mallina*, 167 Misc. 343; *People* v. *Pfister*, 134 Misc. 696), the infant lacks a sufficient interest in the validity of the Nevada decree to sustain a collateral attack thereon (*Arcuri* v. *Arcuri*, 265 N. Y. 358; cf. *Urquhart* v. *Urquhart*, 272 App. Div. 60; *Matter of Lindgren*, 293 N. Y. 18). The sufficiency of the relief available to the infant under the appropriate sections of the Domestic Relations Court Act sustains the conclusion that the foreign divorce decree, which is collateral to the matter for which this action is ostensibly brought, should not be reviewed herein (*Newburger* v. *Lubell*, 257 N. Y. 383).

Motion is granted. Settle order.