RONALD H. FARAH, an Infant by FRANCES FARAH, His Guardian ad Litem, Plaintiff, *v.* HENRY FARAH, Defendant.

Supreme Court, Special Term, New York County, October 20, 1949.

*John J. Sullivan, Eugene J. Finnegan* and *Gabriel E. Torre* for defendant.

*Bernard Kaufman* for plaintiff.

HOFSTADTER, J. The defendant moves for summary judgment in an action which presents a somewhat unusual phase of the problem generated by divorces obtained in other States by New York residents.

The plaintiff, an infant five years old, by his mother as guardian, brings this action against his father. The complaint contains three causes of action. Disposition of this motion requires but an outline statement of each cause of action. The infant's parents, at all times residents of this city, were married in this State in 1937, and in December, 1944, entered into a separation agreement by which the defendant father undertook to make a stipulated weekly payment for the support of the wife and the infant child. The first cause of action charges that the defendant induced the mother to enter into this separation agreement through fraudulent representations as to his worth and earnings. It is then asserted that the agreement was prejudicial and not to the best interests of plaintiff, and is, " by reason of the fraudulent representations    *   *   *   voidable and against public policy." The first cause of action prays for a declaration of the invalidity of the agreement and a direction that the defendant provide suitably for the plaintiff's maintenance and education.

The second cause of action merely realleges the first cause of action and alleges that the plaintiff has suffered $50,000 damages for which sum the plaintiff asks a money judgment.

The third cause of action also realleges the first cause of action and then sets out the obtaining by the mother of a divorce against the defendant in Nevada on the appearance in the divorce action there of the defendant. The divorce decree, as appears from the papers before me, adopted and confirmed the separation agreement and ordered the parties to comply with its terms.

This cause of action contains allegations usual in these situations that neither of the parties to the divorce action was a genuine Nevada resident and that in consequence the Nevada court did not acquire jurisdiction. It then goes on to charge that public policy required the Nevada court to exert its best efforts for the " utmost protection " of the plaintiff and to compel the defendant to provide for the plaintiff to the best of his ability, that the Nevada court failed properly to safeguard the plaintiff's rights and to inquire into his needs and to determine the extent to which the defendant could afford to provide for the plaintiff. The Nevada decree is characterized as not for the plaintiff's best interests, contrary to public policy, and as improperly entered by a court lacking jurisdiction. Accordingly the third cause of action prays for a declaration of the invalidity of the Nevada decree.

The questions posed by the motion are important. While the briefs cover the familiar ground of recognition and nonrecognition by New York courts of divorces granted in other States, they do not touch the more basic and, in my opinion, the really focal question: what are the rights of this infant child against his father?

Obviously, if there are any factual issues the resolution of which in the plaintiff's favor entitles him to succeed in the action the defendant's motion for summary judgment must be denied. If, on the other hand, in no aspect of the case, and though the facts are assumed to be those asserted by the plaintiff, does the plaintiff show any right to relief, the motion should be granted and the court and the parties spared the burden of a trial. I have, not without some diffidence, reached the conclusion that the motion must be granted. I have necessarily assumed the truth of the charges of fraud and of the colorable nature of the mother's residence in Nevada.

It is, of course, recognized that the legal position of the plaintiff child in the circumstances differs in some aspects, at least, from that of his mother. As the plaintiff in the Nevada action she will not be heard by our courts to attack the Nevada decree (*Senor* v. *Senor*, 272 App. Div. 306, affd. 297 N. Y. 800). Moreover, since the separation agreement was embodied in the Nevada decree, it is not subject to collateral attack here at her instance (*Schacht* v. *Schacht*, 295 N. Y. 439). But the plaintiff did not participate in the Nevada action and hence is not subject to the same bar. Were his status as the lawful offspring of the marriage endangered by the Nevada decree he would be free to invoke the aid of our courts to adjudge its invalidity (*Urquhart*

v. *Urquhart,* 272 App. Div. 60, affd. 297 N. Y. 689). Nor, as contended by the defendant, is the plaintiff's right to attack the decree collaterally confined to the assertion of personal as contrasted with property rights. Under *Matter of Lindgren* (293 N. Y. 18) a child may, to maintain his rights of inheritance in the estate of a deceased parent, attack a divorce decree of another State obtained by that parent.

Here, however, the plaintiff asks an adjudication of the invalidity of the separation agreement and of the divorce decree without showing that either the agreement or the decree imperils any present right he may have. He is the recognized child of the defendant and the Nevada decree treats him as such. There is no claim that either the agreement or the decree purports to or can deprive him of any share in the defendant's estate to which he may eventually become entitled, if he survives his father. It is not without interest that the separation agreement binds the defendant to make and keep in effect until his death a will leaving to the plaintiff not less than 20% of his entire net estate. No suggestion is made that the defendant has not discharged this obligation.

In final analysis, what the plaintiff's grievance comes to is that the defendant is not maintaining him in the style in which the defendant's finances permit. Neither the complaint nor the opposing affidavit so states in explicit terms; seemingly, however, though veiled in uncertainty, this is the underlying thesis of the action. Assuming an infant possesses the right, enforcible by action, as distinguished from a proceeding in the Domestic Relations Court or similar remedy protective of public as well as private interest, to demand of its father support suitable to the father's economic station, rather than to the father's judgment of what is best for the infant, the plaintiff here has completely failed to show that either the separation agreement or the divorce decree prejudices that right. No authority upholding such right has been brought to my attention and, bearing in mind the disruptive effect on the family of an attempt to enforce it, the existence of the right is questionable.

If, however, the law gives the plaintiff the right, it is one flowing from the relation of parent and child, unaffected by any dealings between the parents themselves. It is a right held by the plaintiff in his own right and not derivatively through his mother, one he could enforce, though there were no family rift. Neither the separation agreement nor the divorce decree made in an action to which the plaintiff was not a party stands in the way of the vindication of this right.

The father is, of course, under the duty to provide adequately for his infant child — a duty he cannot escape, whatever the remedy for its enforcement. The public policy which assures a child proper support springs from the State's concern for the child's well-being. This court would in a proper case entertain sympathetically an infant's plea that the duty in which the State has such a vital interest was not being met. Nevertheless, the policy does not require its extension beyond the need which created it. Unless the plaintiff's own rights are affected adversely, he is in no better position than his mother to question the validity of the separation agreement or the Nevada divorce decree. What she may not do herself she may not do indirectly through the child as the nominal plaintiff. It may be admitted, for the sake of argument, that if the plaintiff were actually being deprived of adequate support and needed to establish his right to support in the Domestic Relations Court or in some other competent forum and either the separation agreement or the divorce decree tended to obscure his rights and thus to thwart their enforcement, he could obtain a declaration of invalidity as affecting him. If relief were given in such a situation, it would be done solely to clarify his rights and to remove a possible barrier to their effective assertion. Unless, however, the plaintiff's own rights are being jeopardized, he has no standing to attack the agreement or the decree.

Nowhere in the papers does it appear that the plaintiff is without adequate support or that any right to such support is in danger of invasion. The plaintiff, therefore, is in no immediate need of judicial protection. In the circumstances, a declaratory judgment would be no more than an academic pronouncement — hardly the function of a declaratory judgment.

The motion for summary judgment is granted and the complaint is dismissed. In view, however, of the views expressed, such dismissal is without prejudice. Settle order and judgment accordingly.