FLORENCE CLARKE et al., Plaintiffs, *v.* LAWRENCE J. CLARKE, Defendant.

Supreme Court, Special Term, New York County, April 24, 1950.

*Cornelius Z. De Loca* for defendant.

*Nicholas M. Selinka* for plaintiffs.

VALENTE, J. This is a motion by the defendant, pursuant to the provisions of rule 106 of the Rules of Civil Practice, to dismiss the complaint on the ground that this court has not jurisdiction over the subject of the action and on the further ground that the complaint fails to state facts sufficient to constitute a cause of action. The complaint alleges three causes of action. The first cause of action is brought by the mother of the children against the father for necessaries claimed to have been supplied by her to the children from May, 1949, to the date of the commencement of the action. The second cause of action is described in the plaintiffs' brief as having been brought by the mother as guardian ad litem of the infant Margot Clarke, seventeen years of age, against the father, " for a decree providing that the father adequately support and maintain the infant, as he has refused to do, and for a modification of the Decree of Divorce of Arkansas by this court so as to provide for such adequate support ". The third cause of action is identical with the second except that it is brought by the mother as guardian ad litem of the infant, Lawrence J. Clarke, Jr., thirteen years of age.

It is alleged in the complaint that on or about August 2, 1943, the plaintiff mother and the defendant entered into a separation agreement which made no provision for her support but which provided: " That while both parties hereto shall remain alive, and so long as the wife shall * * * perform the terms * * * and conditions hereof * * * the husband shall pay to the wife, as a full, fair and reasonable provision for the maintenance, education and support of said children, the sum of One Hundred Dollars ($100.00) per month which sum shall be paid in Fifty Dollar ($50.00) instalments on the first and fifteenth days of each and every month, beginning with August 1st, 1943, to July 31st, 1945, at which time the husband shall submit a statement of his financial condition ". It is alleged that the parties were divorced on February 21, 1949, by a decree of the Chancery Court of Crittenden County, Arkansas, which incorporated the separation agreement " the same as though written herein word for word ". The present plaintiff, Florence Clarke was the plaintiff in the divorce action and the defendant's

brief states that he appeared in the action and submitted to the court's jurisdiction. The present complaint alleges that all parties are now residents of the State of New York; that the defendant's annual income is in excess of $10,000; that the children attend private schools; that by reason of voluntary additional payments after the execution of the separation agreement the mother was lulled into a sense of security that such payments would be continued and thus she did not request the financial statement as provided in the agreement; that the voluntary payments have been refused since May, 1949; that the cost of proper and adequate maintenance of the infants has increased; that the financial position of the defendant was unknown at the time the separation agreement was made and that the separation agreement was intended to and did survive the decree as a separate agreement with regard to adequate provisions for support, maintenance and education of the infants. No claim is made that the defendant has refused or failed to make the payments as directed by the Arkansas decree.

The ruling made in the case of *De Brauwere* v. *De Brauwere* (203 N. Y. 460) that the obligation of the husband to provide his children with the necessaries of life suitable to their condition is to be measured with reference to his pecuniary ability, honestly exercised or to his pecuniary resources, has no application where a valid decree of divorce has fixed the sum payable for the support of a child of the marriage. The obligation remains but the amount of his liability is limited to the sum fixed by the court's judgment until and unless such judgment is modified (*Karminski* v. *Karminski,* 260 App. Div. 491; *Turner* v. *Woolworth,* 221 N. Y. 425; *Dravecka* v. *Richard,* 267 N. Y. 180). The rule enunciated in the case of *Laumeier* v. *Laumeier* (237 N. Y. 357) does not apply in the instant case. In that case no provision was made in the decree for the support of the child born after the decree was issued. The case of *Manice* v. *Randolph* (221 App. Div. 570) cited by the plaintiff was decided on the authority of the *Laumeier* case (*supra*) and involved a divorce decree which contained no provision for the support of the infant.

As to the first cause of action, the complaint herein is dismissed for insufficiency.

A realistic appraisal of the alleged second and third causes of action leads inevitably to the conclusion that what is actually being attempted in this action is an alteration of the Arkansas decree by the mother and former wife so as to procure increased monetary benefits additional to those provided in the foreign

decree issued in the action prosecuted by herself in the foreign jurisdiction. As the plaintiff in the Arkansas action, she will not be heard by our courts to attack the decree obtained by her in the tribunal of her own choosing (*Senor* v. *Senor,* 272 App. Div. 306, affd. 297 N. Y. 800). Neither can she succeed in upsetting collaterally the agreement which was embodied in the Arkansas judgment (*Schacht* v. *Schacht,* 295 N. Y. 439).

The infant plaintiffs, however, did not participate in the Arkansas action and are thus entitled to all the benefits of the dispensation freeing them from the impediment which estops their parent (*Urquhart* v. *Urquhart,* 272 App. Div. 60, affd. 297 N. Y. 689; *Matter of Lindgren,* 293 N. Y. 18). The legal position of the infant plaintiffs, in the circumstances, differs in some aspects, at least, from that of their mother. Were their status as lawful offspring of the marriage endangered by the Arkansas decree they would be free to invoke the aid of our courts to adjudge its invalidity. (*Urquhart* v. *Urquhart, supra.*) Similarly, a child may, in order to maintain his rights of inheritance in the estate of a deceased parent, attack a divorce decree obtained by that parent in another State (*Matter of Lindgren, supra*).

In the present case, without attacking the validity of the Arkansas decree, the children seek only an increase in the amount of support provided for them as a result of the incorporation of the earlier separation agreement in the decree. These infants assert no claim that the question of legitimacy is involved and obviously there can be no claim that either the agreement or the decree purports to or can deprive them of any share in the defendant's estate to which they may eventually become entitled.

The situation presented here is no different from the one prevailing in the recent case of *Farah* v. *Farah* (196 Misc. 460) where on defendant's motion for summary judgment the complaint was dismissed and the dismissal unanimously affirmed by the Appellate Division, First Department, without opinion (276 App. Div. 1000).

In a well-reasoned opinion, Mr. Justice HOFSTADTER wrote as follows: " In final analysis, what the plaintiff's grievance comes to is that the defendant is not maintaining him in the style in which the defendant's finances permit. Neither the complaint nor the opposing affidavit so states in explicit terms; seemingly, however, though veiled in uncertainty, this is the underlying thesis of the action. Assuming an infant possesses the right, enforcible by action, as distinguished from a proceeding in the Domestic Relations Court or similar remedy protective of

public as well as private interest, to demand of its father support suitable to the father's economic station rather than to the father's judgment of what is best for the infant, the plaintiff here has completely failed to show that either the separation agreement or the divorce decree prejudices that right. No authority upholding such right has been brought to my attention and, bearing in mind the disruptive effect on the family of an attempt to enforce it, the existence of the right is questionable. * * * Neither the separation agreement nor the divorce decree made in an action to which the plaintiff was not a party stands in the way of the vindication of this right '' (*Farah* v. *Farah, supra,* p. 463).

As Judge HOFSTADTER so aptly pointed out: '' The father is, of course, under the duty to provide adequately for his infant child — a duty he cannot escape, whatever the remedy for its enforcement. The public policy which assures a child proper support springs from the State's concern for the child's well-being. * * * Nevertheless, the policy does not require its extension beyond the need which created it. Unless the plaintiff's own rights are affected adversely, he is in no better position than his mother to question the validity of the separation agreement or the Nevada divorce decree. What she may not do herself she may not do indirectly through the child as the nominal plaintiff.'' (P. 464.)

The sufficiency of the relief available to the infants under the appropriate sections of the Domestic Relations Court Act sustains the conclusion that the foreign divorce decree, which is collateral to the matter for which this action is ostensibly brought, should not be reviewed herein. (*King* v. *King,* 190 Misc. 741.)

The case of *Snyder* v. *Snyder* (72 N. Y. S. 2d 881), cited in opposition to the present motion contains no authority to sustain the complaint herein, particularly in view of the affirmance of the dismissal in *Farah* v. *Farah* (*supra*). In the *Snyder* case (*supra*), Mr. Justice HECHT dismissed the complaint in the infant's action to modify a Nevada decree of divorce on the sole ground that under the laws of Nevada the courts of that State were powerless to modify the decree in question. He cited the case of *Halvey* v. *Halvey* (330 U. S. 610), affirming the determination of our State courts (*sub nom. People ex rel. Halvey* v. *Halvey,* 185 Misc. 52, affd. 269 App. Div. 1019, affd. 295 N. Y. 836) and holding that provisions of a foreign divorce decree relating to custody and support of the child may be changed by the court having jurisdiction of the infant without violating the

Full Faith and Credit Clause of the Federal Constitution (U. S. Const., art. IV, § 1), provided, however, that the court entering the original divorce decree has the power to so modify it. The opinion of the court in the case last cited, writing through Mr. Justice DOUGLAS, emphatically limits its decision (p. 615) and places it on the narrow ground that there was a failure of proof that the Florida decree had received less credit in the habeas corpus proceeding instituted by the mother in New York than it had in Florida because it had not been shown that the New York court in modifying the relief afforded by the Florida decree exceeded the limits permitted under Florida law. The court found it unnecessary to consider, and made no ruling on the question, "whether the State which has jurisdiction over the child may, regardless of a custody decree rendered by another State, make such orders concerning custody as the welfare of the child from time to time requires." (P. 616.)

The determination of that case, therefore, in the light of the clearly authoritative rulings of our appellate courts, contains no authority for sustaining a complaint by infant children seeking merely to increase the amount of support afforded them under the present Arkansas decree. The alleged second and third causes of action are accordingly dismissed, with leave to serve an amended complaint as to these causes if the plaintiffs be so advised.