RUTH W. CRANE et al., Plaintiffs, *v.* RICHARD T. CRANE et al., Defendants.

Supreme Court, Special Term, New York County, June 22, 1951.

*Greenbaum, Wolff & Ernst* for defendants.

*L. Stewart Gatter* for plaintiffs.

IRVING L. LEVEY, J. The first cause of action is insufficient in law. In that cause plaintiff seeks to attack the validity of a separation agreement which was ratified and approved by a Nevada decree of divorce which the plaintiff wife obtained. Where such a decree approves a property settlement it cannot be attacked in this court (*Hoyt* v. *Hoyt,* 265 App. Div. 223, motion for leave to appeal denied 290 N. Y. 931; *Schacht* v. *Schacht,* 295 N. Y. 439). The fact that the infants are made parties plaintiff does not cure this deficiency of the first cause (*Farah* v. *Farah,* 196 Misc. 460, affd. 276 App. Div. 1000; *Clarke* v. *Clarke,* 198 Misc. 702).

As to the second cause of action, this appears to seek an adjudication as to custody of the children. As such it is insufficient. Custody may be adjudicated as an adjunct to a matrimonial action. The instant suit is not such an action. The only other methods for procuring an adjudication of custody, apart from a matrimonial action, are by writ of habeas corpus or a special proceeding (*Finlay* v. *Finlay,* 240 N. Y. 429). Clearly the second cause does not fall within any of these categories.

The third cause alleges that plaintiff between the date of the execution of the separation agreement and the time of the commencement of the action was obliged to spend certain sums out of her separate estate for necessaries for herself and her children, and seeks to recover those sums. The separation agreement, which was approved by the Nevada court, makes provision for the support of the children. There is no allegation that those provisions have not been complied with. As a matter of law, such agreement measures the limit of defendant's obligations with respect to any past expenditures made by the mother, even for necessaries (*Clarke* v. *Clarke, supra; Nardozzi* v. *Gooding,* 73 N. Y. S. 2d 784). Therefore, the third cause of action is insufficient.

As to the fourth and fifth causes, the plaintiff has consented that they be stricken. Consequently, the motion to dismiss pursuant to rule 106 of the Rules of Civil Practice is granted in all respects and the complaint is dismissed.