DOLORES N. PORGES, Appellant-Respondent, *v.* GUY P. LOUIS-DREYFUS, Respondent-Appellant.

First Department, June 3, 1952.

*Ben Herzberg* of counsel (*Alexis C. Coudert* with him on the brief; *Coudert Brothers,* attorneys), for appellant-respondent.

*James A. Delehanty* of counsel (*Alfred Rathheim, Harold M. Hoffman* and *David L. Schreiber* with him on the brief; *Buchter, Rathheim, Abrams & Hoffman,* attorneys), for respondent-appellant.

HEFFERNAN, J. Plaintiff, at all times hereinafter mentioned, was an American citizen and defendant a French citizen. They were married in France on July 2, 1929. There are two children of the marriage; Dominique, a daughter born in France on November 1, 1930, and Gerard, a son likewise born in France on June 21, 1932. The matrimonial domicile was in France where plaintiff and defendant resided with their children during the continuance of the marriage.

On May 13, 1935, plaintiff applied to the Court of Civil Matters of Original Jurisdiction of the Department of Seine, sitting in Paris, for leave to commence a divorce action against defendant. In pursuance of the law of France, the court attempted to conciliate the parties but was unable to do so and entered an order of nonconciliation authorizing plaintiff to

proceed with the divorce action, which order also directed defendant to pay plaintiff for her support and that of the children a monthly alimony of 50,000 francs. Defendant duly appeared in the divorce action and the French court thereupon acquired jurisdiction of the subject matter and of the parties.

In the latter part of 1935, defendant requested plaintiff to transform the action into one for separation, so that there would be an opportunity to reconstitute the marital domicile. Plaintiff complied with such request and on February 12, 1936, the court entered a decree of separation which provided that defendant pay plaintiff for her support and that of the children 50,000 francs per month for three years, at the expiration of which time the question was to be reviewed.

Thereafter and on November 30, 1936, plaintiff applied to the court for leave to again proceed with her divorce action upon the ground that the attempt at rapprochement had failed. On the same day the court granted a second order of nonconciliation and authorized plaintiff to proceed with her divorce action.

On December 23, 1936, the French court granted plaintiff a final decree of divorce which provided that plaintiff have custody of the two children of the marriage and declared that defendant might freely see the children and that, upon consent of the defendant, he should pay to plaintiff for the support of the two children a yearly alimony of 200,000 francs for each child, payable monthly in advance. At that time 400,000 francs had a value of approximately $18,000. Between the date of the decree and the period involved in this action for necessaries there were several devaluations of the franc. Between October, 1947, and April, 1948, 400,000 francs had a valuation of about $2,600. The decree recites the participation in the divorce proceeding of the public prosecutor to whom the file of the case had been previously submitted. The primary function of this official is to see to it that the interests of the children of the marriage are properly protected and that adequate provision is made for them. Throughout the divorce proceedings plaintiff was represented by counsel chosen by her and she concedes that these proceedings were in all respects regular; that there was no fraud in the procurement of the divorce, and that the final decree was rendered in accordance with the laws of France.

Under the law of France, its courts retained jurisdiction to make such modifications in the custody and maintenance provisions affecting the children as circumstances might require

and this reserved power continues despite the removal of the parties from the district where the court sat. Plaintiff was entitled to apply for a modification at any time upon twenty-four hours' notice. Under the French law also, even where custody is granted to a wife, there remains in the father a right of supervision and control over the education and upbringing of the minor children.

After the divorce and in February, 1937, defendant remarried and in late April of the same year plaintiff remarried.

Plaintiff continued to live in France until that country was overrun by the Germans in the fall of 1940. In October of that year she left France with the children for this country. She and the children remained in New York until July, 1945, when, upon the cessation of hostilities, she returned with them to France. In coming to the United States and returning to France, the children had French passports. When plaintiff and the children were in this country defendant made ample provision for their support and maintenance. It is not disputed that between those dates defendant caused to be paid to plaintiff the sum of $143,670 or approximately $30,000 a year — an amount in excess of his obligation under the divorce decree.

When plaintiff and the children returned to France in August, 1945, the children went to live with defendant and remained with him until March, 1947.

In March, 1947, plaintiff and defendant had a dispute concerning the living quarters of the children and plaintiff insisted that they should live with her. On the 28th of that month she applied to the French court for an order directing defendant to deliver to her the French passports for the children, which he had taken from them, so that she could take them on a visit to the United States. This application was denied. On April 23d following, plaintiff made a second application to the court for identical relief and defendant made a cross motion to have the custody of the boy transferred to him. Both applications were denied.

In July of that year the boy had some difficulty in school. Defendant, on July 28th of that year, applied to the French court to have his son placed as a student in a boarding school. Plaintiff opposed the application but the court granted the requested relief.

Plaintiff thereafter instructed her counsel to make another application to the French court to compel defendant to deliver to her the passports for the children. In her petition to the court she stated that she intended to make a trip to the United

States from September 7th to October 7, 1947, and that she wished the children to accompany her. Defendant consented to the delivery of the daughter's passport but objected to his son leaving France on the ground that it was necessary for him to remain there for the resumption of his studies at the boarding school. On August 29, 1947, the court made an order granting the application as to the daughter but denied it as to the son.

In the early part of October, 1947, defendant learned of some misconduct on the part of his son. He thereupon instituted a proceeding to have the custody of his son transferred to him. When plaintiff learned of this fact she authorized her attorney to oppose the application. After authorizing her attorney to resist the defendant's application, plaintiff took her son to the American Consul in Paris and had him sign an affidavit stating that his passport had been wrongfully withheld by defendant and on the basis of this misrepresentation, procured a visa authorizing her to take the boy to the United States. Plaintiff arrived in this country with the two children on October 21, 1947, and she notified her French attorney not to answer, appear or plead for her in the custody proceeding. Plaintiff's attempt to withdraw the notice of appearance previously authorized was ineffectual under French law.

On December 9, 1947, the French court made an order transferring custody of the son to defendant. This order recites the appearance of plaintiff's solicitor and of the public prosecutor. Plaintiff learned of the decision of the French court either in the latter part of December, 1947, or early in January, 1948, but nevertheless she has still kept the children here in disregard of the mandates of the French courts and of defendant's rights. Subsequently and on her petition both children were naturalized as American citizens.

In June, 1948, plaintiff instituted this action against defendant to recover the sum of $19,857.41 alleged to have been expended by her for the necessary support of the children. In paragraph " 5 " of her amended complaint she asserts that between March and October, 1947, she expended in France for that purpose the sum of $8,000 over and above the amount paid her by defendant. Paragraph " 6 " of the amended complaint asserts that the remaining moneys were expended by her in the United States between October 21, 1947, and April, 1948. These sums are substantially in excess of the amount allowed for the support of the children in the French decree of divorce. At the close of the trial, the Trial Judge on defendant's motion dismissed

the complaint to the extent of paragraph "5", dealing with the moneys alleged to have been expended by plaintiff in France between March and October, 1947, and on this appeal the plaintiff is not questioning that ruling. The jury returned a verdict in plaintiff's favor in the sum of $8,905.51, which defendant moved to set aside and to dismiss the complaint. The court set aside the verdict on the ground that it was contrary to the weight of the evidence but also directed a retrial of the action. It is quite significant that the learned Trial Justice in his opinion directing a new trial stated that if the cause were tried before him without a jury he would have granted defendant's motion to dismiss the complaint.

It should be emphasized that the question before this court is not whether our courts can or should fix an increased sum for the support of the children in the future. The action is concerned solely with plaintiff's right to seek reimbursement for sums allegedly expended by her in excess of the amount allowed by the French courts during a period when the divorce decree and subsequent orders were in full effect and unmodified.

On the trial defendant offered in evidence an order of the French court dated July 6, 1948, appointing a sequestrator to receive the monthly amounts of alimony due from defendant in connection with his daughter commencing with November 15, 1947, to hold the same at the disposal of plaintiff from the day of the return of the daughter to Paris and the receipt of the sequestrator acknowledging receipt from defendant of 134,000 francs representing the monthly installments due from November 15, 1947, to July 15, 1948, inclusive. The court below erroneously, we think, refused to receive these exhibits.

The principal defenses relied on by the defendant are:

(a) That by reason of plaintiff's gross misconduct in taking the two children with her from France to the United States in October, 1947, and retaining them here in violation of numerous orders of the French courts and in fraud of said courts and the custodial, supervisory and visitation rights of defendant, plaintiff is precluded from seeking reimbursement for any moneys expended by her.

(b) That under the law of France the order of December 9, 1947, made by the French court awarding custody of the son Gerard to the defendant constituted a modification of the divorce decree to the extent of relieving defendant of making any further payments to plaintiff for the support and maintenance of said son.

(c) That the appointment of a sequestrator on July 6, 1948, by the French court to collect the monthly amounts of alimony due for the support and maintenance of the daughter Dominique commencing with the payment due on November 15, 1947, and the payments made to said sequestrator by defendant for the period between November 15, 1947, and July 15, 1948, constituted a full payment and discharge of all moneys due from defendant for the support and maintenance of said daughter, defendant having paid to plaintiff directly all installments due up to November 15, 1947.

(d) That under the law of France, as well as under the law of the State of New York, plaintiff can, in no event, recover for the maintenance and support of said two children a greater sum than the dollar equivalent of the alimony provided for in the final decree of divorce for the period commencing November 15, 1947.

(e) That at the beginning of the period during which plaintiff claims to have been compelled to expend additional sums for the support of the children she had in her possession out of the moneys theretofore paid to her by defendant for the support of said children unexpended sums which exceeded in amount the sum sued for.

The French decree of divorce obtained by plaintiff and the subsequent orders made by that court under its reserved power in proceedings in which the plaintiff participated are binding on her and on the children and are entitled to full respect by our courts (*Lazier* v. *Westcott,* 26 N. Y. 146). In that case plaintiff sued upon a judgment recovered in Canada and the Court of Appeals held that since the Canadian court had jurisdiction of the parties the judgment was conclusive upon them to the same extent as a judgment rendered by the courts of another State. In *Dunstan* v. *Higgins* (138 N. Y. 70) the Court of Appeals said (p. 74): "It is the settled law of this state that a foreign judgment is conclusive upon the merits." This rule of comity is applied in all its aspects to foreign divorce decrees. In *Gould* v. *Gould* (235 N. Y. 14) the Court of Appeals dismissed the plaintiff's complaint for an absolute divorce upon the ground that there was a decree of divorce outstanding in favor of defendant rendered by the courts of France in an action in which plaintiff had appeared and participated. To the same effect are: *Hansen* v. *Hansen* (255 App. Div. 1016, Danish decree); *Sorenson* v. *Sorenson* (219 App. Div. 344, Danish decree), and *Miller* v. *Miller* (70 Misc. 368, Russian Rabinnical decree).

The doctrine of recognition of foreign decrees as a matter of comity extends to the alimony provisions of a foreign divorce decree. Thus, in *Boissevain* v. *Boissevain* (252 N. Y. 178) plaintiff sued on a Dutch divorce decree which awarded to her alimony payable in quarterly installments. The Court of Appeals held that plaintiff was entitled to recover for the specific amount due at the time of the commencement of the action, and said (p. 180): " the Dutch judgment is entitled to recognition in this State ".

The doctrine of comity has particular application to the case at bar because it was plaintiff, herself, who invoked the jurisdiction of the French courts and procured the final divorce decree which she now seeks to nullify in part. An analogous situation was considered by the Court of Appeals in *Johnston* v. *Compagnie Generale Transatlantique* (242 N. Y. 381), where the court wrote (p. 388): " Here the plaintiff was the actor in the French court. After having sought the jurisdiction of the foreign tribunal, brought the defendant into that court and litigated the question there, he now seeks to impeach the judgment rendered against him. The principles of comity should give conclusiveness to such a judgment as a bar to the present action. * * * and the French judgment should be given full faith and credit."

Plaintiff urges that because the children now reside in this State the court has exclusive jurisdiction to determine the extent of defendant's obligation to support them. This contention ignores the distinction between the right of our courts to decree increased support for the future and the power of our courts to disregard the limitations of a prior support decree validly made until such decree is modified. The distinction is vital. Thus, although our courts will, in a proceeding brought under the Domestic Relations Law, order increased future support upon a proper showing, they will not permit a recovery for necessaries supplied to children in excess of the amounts allowed in a subsisting decree (*Langerman* v. *Langerman,* 303 N. Y. 465).

In support of her argument, plaintiff cites *Yarborough* v. *Yarborough* (290 U. S. 202) and quotes from the dissenting opinion. In that case the Georgia court which had jurisdiction of the matrimonial domicile and the parties, decreed that the father's obligation to support his child be satisfied by a single lump sum payment. Under the law of Georgia this decree was final and unalterable. Subsequently, after the mother and the child had moved to another State, a proceeding was brought in

that State to compel the father to support the child in the future. The Supreme Court held that because the provision of the Georgia decree was final in that State, in which the father was domiciled, South Carolina, in which the mother and child resided, could impose no further duty of support on him. In that connection the court said (p. 211): "The character and extent of the father's obligation, and the status of the minor, are determined ordinarily not by the place of the minor's residence, but by the law of the father's domicile."

In *Clarke* v. *Clarke* (198 Misc. 702) the mother had obtained a divorce decree in Arkansas which provided that the father pay to her for the support of the children the sum of $100 per month. The mother then brought suit in the courts of this State for necessaries in an amount in excess of that allowed by the decree. In holding that the mother's recovery was limited by the decree, Mr. Justice VALENTE wrote (p. 704): "The ruling made in the case of *De Brauwere* v. *De Brauwere* (203 N. Y. 460) that the obligation of the husband to provide his children with the necessaries of life suitable to their condition is to be measured with reference to his pecuniary ability, honestly exercised or to his pecuniary resources, has no application where a valid decree of divorce has fixed the sum payable for the support of a child of the marriage. The obligation remains but the amount of his liability is limited to the sums fixed by the court's judgment until and unless such judgment is modified (*Karminski* v. *Karminski,* 260 App. Div. 491; *Turner* v. *Woolworth,* 221 N. Y. 425; *Dravecka* v. *Richard,* 267 N. Y. 180). The rule enunciated in the case of *Laumeier* v. *Laumeier* (237 N. Y. 357) does not apply in the instant case. In that case no provision was made in the decree for the support of the child born after the decree was issued."

The support provisions of the French divorce decree place a maximum limit on defendant's obligation to support his children. The trial court charged the jury that the French decree of divorce will be given complete effect in this State. It refused, however, to charge that the divorce decree fixed a valid limitation upon the liability of the defendant to the plaintiff for moneys allegedly expended by her for the support of the children. We think the trial court erred in this respect. There are many decisions holding that a divorce decree which fixes the amount payable by the father for the support of his children limits the amount of his obligation and limits the amount a mother can recover to the amount so fixed (*Dravecka* v. *Richard,* 267 N. Y. 180, *supra*; *Karminski* v. *Karminski,* 260 App. Div.

491, *supra*; *Langerman* v. *Langerman,* 303 N. Y. 465, *supra*). According to the testimony in the record the French law is in accord with the cases just cited.

The order of the French court dated December 9, 1947, transferring the custody of the son to the defendant constituted a valid modification of the French divorce decree and relieved defendant of the obligation to make any further payments to plaintiff for the support of the son. Testimony on behalf of the defendant is to the effect that under French law the custody order made pursuant to the reserved jurisdiction of the French court was to terminate defendant's obligation to pay plaintiff for the support of the son any amount and to substitute therefor a direct obligation on defendant's part to support his son in his household.

An illustration of the principle which defendant is contending is to be found in the second *Laumeier* case (*Laumeier* v. *Laumeier,* 242 N. Y. 501). After the first decision of the Court of Appeals (237 N. Y. 357), in which that court sustained the mother's right to recover for necessaries furnished to her child in the State of New York, upon the ground that the Missouri divorce decree which had been procured by her made no mention of said child which was born thereafter, the father procured a modification of the divorce decree from the Missouri court, so as to find that he was not the father of plaintiff's child. Upon the basis of said modification plaintiff's complaint for necessaries was dismissed, the Court of Appeals holding in its second decision that the modification of the Missouri divorce decree by the courts of that State was entitled to complete recognition in the courts of this State.

In discussing the effect of the French custody order, plaintiff failed to distinguish between the obligations of our courts to recognize the French custody order until modified and the power of our courts upon a proper presentation to make a new custody order which would be operative *in futuro* only.

The order of the French court of July 6, 1948, appointing a sequestrator to receive the payments due for the support of the daughter from November 15, 1947, and the payment by defendant to the sequestrator constitute, in our opinion, a discharge of defendant's obligation to support the daughter. We are also satisfied that plaintiff's misconduct precludes a recovery in this action which will inure to her individual benefit.

It should be borne in mind that plaintiff at all times had the right to apply to the French courts for any modification of the judgment or the orders to which we have referred. Having

failed to do so, she is not entitled to relief in the courts of this State.

The complaint should be dismissed on the merits but under the circumstances, without costs

SHIENTAG, J. (dissenting in part): I dissent and vote to affirm. On the new trial, however, recovery should be limited to the amount necessarily expended by the plaintiff for the support of the infant daughter and not provided for by the defendant. The amount of the recovery should not, however, exceed that allowed in the French decree. The defendant is not discharged from his obligation to support the daughter while she is in the custody of her mother in this country because the French court, under date of July 6, 1948, appointed a sequestrator to receive the monthly amounts of alimony due from the defendant in connection with his daughter commencing November 15, 1947, to hold the same at the disposal of the plaintiff from the day of the return of the daughter to Paris. The defendant's obligation of support continues so long as the infant daughter is lawfully in the custody of her mother.

CALLAHAN, J. P., and BERGAN, J., concur with HEFFERNAN, J.; SHIENTAG, J., dissents in part, in opinion in which VAN VOORHIS, J., concurs.

Complaint dismissed on the merits, without costs. Settle order on notice.