# AUGUSTUS GIBSON PAINE, Appellant, *v.* CYNTHIA HOWE PAINE, Respondent.

No. 3856

September 22, 1955.                    287 P.2d 716.

(Rehearing denied November 18, 1955.)

*William J. Cashill,* and *Summerfield & Heward,* of Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey & Thompson,* of Reno, and *Jackson, Nash, Brophy, Barringer & Brooks,* of New York City, New York, for Respondent.

## OPINION

By the Court, EATHER, J.:

This is an appeal from order of the trial court granting a motion for modification of a divorce decree to provide increased support of the minor children of the parties.

The question is whether in the light of an agreement between the parties the court's order of modification was a proper exercise of discretion. In our view it was not.

The parties were divorced in this state in October, 1952. The decree provided that an agreement between the parties "settling property rights of the parties concerning the custody, maintenance and support of the minor children, Abby Deering Paine and Alix Ellis Paine, and the maintenance and support of the plaintiff [wife]" be approved and confirmed; "provided, however, that said agreement is not merged herein but survives this decree and continues in full force and effect."

The agreement provides that the husband shall bear the expense for both children of school, boarding school, college, camp, and special educational work such as music and dancing and also shall provide "clothing and personal expense allowance" for each child, increasing with the age of the child, from $500 to $1,500 a year; that the parties shall each pay one-half of the expense of the children in traveling between the parents. The agreement then provides, "as to all other expenses of maintenance and support the husband and wife, respectively, shall pay all expenses with respect to the child or children then residing with him or her as the case may be."

Pursuant to the terms of the agreement the husband was granted custody of Abby and the wife was granted custody of Alix. In October, 1953, the wife secured an order from the trial court modifying the decree to grant her custody of both children. In January, 1954, she

moved the court for a further modification requiring substantial additional contribution by the husband toward the support of the children. This motion was granted by the trial court on September 22, 1954 and it is from this order that the present appeal is taken.

The agreement executed in the State of New York received the most careful preparation. Both parties were represented by counsel and differences were resolved through the aid of an independent arbitrator who gave the most careful study to the financial circumstances of both parties. Both parties are independently wealthy. Beyond any question of doubt each is fully able to provide suitably for the support of the children. It has never been suggested that under the circumstances existing at the time of the divorce the provisions of the agreement were in any respect unfair.

The jurisdiction of the court to act in such matters as this is defined in sec. 9462, N.C.L.1943-1949 Supp., which provides: "* * * the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance, and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same."

The purpose of sec. 9462 is to permit the court to protect the welfare and interest of minor children. Elsman v. Elsman, 54 Nev. 20, 31, 2 P.2d 139, 3 P.2d 1071, 10 P.2d 963.

The true effect of the order considering the financial circumstances of the wife, is not to provide the children with support more suitable than they otherwise could expect to receive. It is conceded that the wife is amply able to provide suitable support and is now providing it. The effect of the order is to relieve the wife of her obligation under the contract in the light of circumstances indicating that such relief might be equitable. The order,

then, despite its outward appearance, does not concern itself with the needs or interests of the children, but with the rights and obligations of the parties as between themselves.

While, under the statute, the court has discretion to act when the matter before it concerns children, their interests or welfare, there is nothing upon which discretion may properly operate when such subjects are in no way involved. To proceed to an exercise of discretion in the absence of a basis for such exercise is error. (Such error, it may be noted, may well run to the court's jurisdiction to act at all upon the problem at hand, but since this matter is before us on direct attack a determination in this respect is unnecessary.)

Upon the undisputed facts of this appeal there can be only one conclusion: interests and welfare of minor children are not in any way involved in this proceeding, and can in no respect be affected by the court's decision. The entire proceeding is an attempt by the wife to avoid a binding contractual obligation. LaRue v. Kempf, 171 S.W. 588, 186 Mo.App. 57; Wilson v. Wilson, 271 Ky. 631, 112 S.W. 2d 980; Parkhurst v. Parkhurst, 118 Cal. 18, 50 P. 9; Farrah v. Farrah, 196 Misc. 460, 92 N.Y.S. 2d 187; Stewart v. Stewart, 130 Cal.App. 2d 186, 278 P.2d 441; Molema v. Molema, 103 Cal.App. 79, 283 P. 956. The trial court, then, was in error in proceeding to an exercise of discretion in this matter.

The order must be set aside and the motion for modification denied. Each party may bear his own costs upon the appeal.

MERRILL, C. J., and BADT, J., concur.