Samuel H. Hofstadter, J.
Prior to the institution by the wife
of this action for divorce the parties, who had been separated since 1949, under date of May 8,1953, entered into a separation agreement. This agreement, in the negotiation of which each of the parties was represented by counsel, obligated the defendant to pay the plaintiff $67.50 per week, for her support and for the support and education of a daughter, the issue of the *766 marriage. If the plaintiff remarried, the defendant was to pay her $20 a week solely for the daughter’s maintenance, and when the daughter attained her majority or became emancipated, he was thereafter to pay the plaintiff only $47.50 for her own support 'for life. By the agreement the defendant also undertook to maintain life insurance of at least $25,000, with the plaintiff as beneficiary of $15,000 and the daughter as beneficiary of $10,000 of the proceeds of this insurance. The agreement provided further that if either party brought an action for separation or divorce, the agreement should be introduced in evidence and that the property rights of each should be as therein provided. Finally, it prescribed that ‘ ‘ this agreement shall be incorporated in any order or decree made in any such action or actions, and made a part thereof.”
This action was begun in June, 1953. The defendant appeared but did not interpose an answer, and the case was tried as undefended before an Official Referee in January, 1955, though the appearance of the defendant’s attorney was noted. The plaintiff’s attorney informed the Official Referee that the plaintiff was not satisfied with the $67.50 per week alimony, which she had been receiving, but the Referee stated that application for any increase must be made to the court. The Official Referee’s report of January 31, 1955, found that the plaintiff should receive $47.50 per week for her support and $20 per week for that of the infant issue.
The plaintiff thereupon moved to affirm the Official Referee’s report, except as to the provision for support, and that the question of support be submitted to an official referee. The defendant by cross motion moved to affirm the report in all respects. In support of her motion for partial disaffirmance, the plaintiff presented an affidavit of the defendant’s increased earnings since the making of the separation agreement and of the inadequacy of the provision for herself, because of her impaired health. The defendant, in the main, relied on the separation agreement. Both motions were decided together, the defendant’s motion to affirm the report in its entirety being granted, and the plaintiff’s insofar as it was to disaffirm being denied. In denying the plaintiff.’s motion the court stated that she was bound by the terms of the separation agreement “ unless and until the same is declared invalid in an action brought for that purpose.”
Soon after the foregoing disposition of the motions relating to the report of the Official Referee, the plaintiff applied by order to show cause for leave to discontinue this-action. Her application so made was denied by the Justice who had decided *767 the prior motions. Following these steps, an interlocutory judgment of divorce was filed on April 26, 1955, which became final on July 26, 1955. This judgment directed the defendant to pay the plaintiff $47.50 weekly for her support and $20 weekly for the support of the issue of the marriage ‘‘ pursuant to a separation agreement dated May 8, 1953 incorporated herein by reference.”
The prior proceedings in the action have been recited at this length to set the plaintiff’s present application to amend the judgment of divorce by increasing its support provisions in proper perspective. The plaintiff’s moving papers give a full history of her married life with the defendant. Of course, anything which occurred before the entry of the divorce decree is irrelevant to this application and must be disregarded. Though the facts bearing on the defendant’s income and the plaintiff’s needs are stated in far greater detail than on the plaintiff’s application to disaffirm the support conclusion of the Official Eeferee, in essence both applications rest on the same grounds. There is no proof of any material change in circumstances since the entry of the judgment of divorce. It becomes obvious, then, that this application is not really one to amend the judgment, but rather an attempt indirectly to review the denial of the plaintiff’s motion for larger alimony, made before the judgment was entered. If the plaintiff was aggrieved by that ruling, her remedy was by appeal.
It is not disputed that the defendant has not alone made the payments directed by the judgment, but has also performed the other terms of the separation agreement, such as the maintenance of the stipulated insurance. The plaintiff’s contention that the agreement was merged in and did not survive the judgment is not borne out by its own terms, by the provisions of the judgment or by extraneous proof. It follows that the power of the court to modify a divorce judgment (Civ. Prac. Act, §§ 1155, 1170) may not be invoked to impose on the defendant financial obligations greater than those assumed by him in the separation agreement (Schmelzel v. Schmelzel, 287 N. Y. 21). Nor does the provision in the separation agreement for the daughter’s support entitle the plaintiff to obtain more for the daughter than the agreement gives. Indeed, the daughter herself may not attack the agreement (Farah v. Farah, 196 Misc. 460, aff. 276 App. Div. 1000, affd. 303 N. Y. 865).
Since the plaintiff is not entitled to the relief sought, her application for a counsel fee must also be denied.
The motion is accordingly denied, but without prejudice to a plenary action to set aside the separation agreement.