■ Lois B. Kleinerman, Respondent, v Michael R. Kleinerman, Appellant.—Order and judgment (one paper) of the Supreme Court, New York County (Martin B. Stecher, J.), entered November 8, 1984, which, *inter alia,* granted in part plaintiff's cross motion to disaffirm a Referee's report, directed defendant to resume biweekly alimony payments pursuant to the September 1, 1971 separation agreement, and directed defendant to pay plaintiff $11,410.26 in alimony arrears, $5,451 in child support arrears and $1,000 in counsel fees, is unanimously modified, on the law and the facts, to the extent of confirming the Referee's report, deleting the provision for defendant's payment of alimony arrears and $1,000 in counsel fees, and the order and judgment (one paper) is otherwise affirmed, without costs. The appeal from the order of the same court entered August 28, 1985, denying defendant's application for leave to renew and/or reargue the November 8, 1984 order and judgment is dismissed, without costs.

Plaintiff Lois Kleinerman and defendant Michael Kleinerman were married in 1963. In 1968 their son Matthew was born, and in that same year the couple separated. The parties executed a separation agreement on September 1, 1971, which was later incorporated in the final divorce decree entered May 10, 1972. The agreement specified the amounts to be paid for alimony and child support. One clause in the agreement provided that if the wife moved the residence of the child out of the New York metropolitan area without the consent of the

husband, except for remarriage and relocation to the residence of her new husband, "the then current and any future obligation of the Husband for the support and maintenance of the Wife shall terminate."

In September of 1972, plaintiff moved with her son to California and then to Washington, D. C., without defendant's consent. Defendant advised plaintiff that as of September 1, 1972, his obligations to pay alimony had ended, due to her move, and that he was only obligated to pay child support. Plaintiff and her son returned to New York in 1976. Due to a dispute concerning Matthew's bar mitzvah, defendant withheld child support payments from January 1981 until January 1982.

By order to show cause dated November 25, 1981, plaintiff commenced the instant proceeding seeking, *inter alia,* alimony arrears since September 1972, child support arrears, an attachment of defendant's assets and counsel fees. Justice Stecher ordered a reference with respect to these issues. On August 26, 1983, the Special Referee issued a report determining that no alimony arrears were due, since plaintiff's move to California and then Washington, D. C., violated the separation agreement, which provided for termination of alimony upon such an eventuality. The Referee also found defendant had wrongly withheld child support payments and set arrears at $5,750. Defendant moved to confirm the report, and plaintiff cross-moved to affirm in part and disaffirm in part.

Special Term rejected the Referee's recommendation to enforce the separation agreement's alimony termination clause, reasoning that the clause sought enforcement of an impermissible penalty. However, the court held that by not objecting to termination of alimony until December 10, 1981, plaintiff had waived her right to collect moneys owing prior to that date, but then directed that defendant pay alimony arrears of $11,410.26 that were owing since January 1, 1982. Child support arrears were set at $5,451. Finally, the court ordered that defendant contribute $1,000 to plaintiff's legal expenses. Judgment was entered November 8, 1984.

By notice of motion returnable June 4, 1985, defendant moved for reargument and renewal as to those portions of the judgment awarding alimony arrears and attorney's fees. The motion for renewal was denied because no new facts or law were presented to support renewal, and the court found reargument was not merited. The appeal from this particular order should be dismissed. The court below was correct in

finding that the motion did not present any basis for granting renewal. Furthermore, the denial of reargument is not appealable.

We also conclude that Special Term was correct in determining that defendant owed child support arrears in the amount specified, since the failure to pay child support because of a dispute concerning the child's bar mitzvah violated the terms of the separation agreement. However, we cannot affirm Special Term's conclusion that the clause terminating plaintiff's right to alimony if she removed Matthew from New York constituted an unenforceable penalty. New York courts have repeatedly held that when a separation agreement is incorporated into a decree of divorce its validity is conclusively established and neither spouse may thereafter bring an action to have it set aside. (*Galyn v Schwartz,* 56 NY2d 969, 972; *Kromberg v Kromberg,* 44 NY2d 718; *Schacht v Schacht,* 295 NY 439; *Crane v Crane,* 199 Misc 980, *affd* 281 App Div 671.) The judgment of divorce of these parties incorporated in all respects the written separation agreement, and plaintiff is now barred from seeking to nullify certain clauses of that agreement.

Furthermore, we find that the clause does not constitute an unenforceable penalty, since the enforceability of clauses relieving a parent of support payments when his or her visitation rights are terminated by the other parent has consistently been recognized. (*Strahl v Strahl,* 66 AD2d 571, 579; *Feuer v Feuer,* 50 AD2d 772.) Incorporation of such terms into a separation agreement is permitted, and we, therefore, reverse that part of the order and judgment directing defendant to pay alimony arrears.

Additionally, we direct that the award of $1,000 counsel fees be reversed, for plaintiff did not file a statement of net worth or a fee statement from counsel as required by 22 NYCRR 660.22. (*See, Jensen v Jensen,* 110 AD2d 679, 681-682.) Concur —Kupferman, J. P., Sullivan, Ross, Carro and Kassal, JJ.