GENEVIEVE C. HOYT, Respondent, *v.* JOHN R. HOYT, Appellant.

First Department, December 11, 1942.

*Charles Rothenberg* for appellant.

*David Weinstein* of counsel (*Henry B. Lamm,* attorney), for respondent.

COHN, J. The parties were married in this State in 1920. In 1931 plaintiff acquired a residence in Nevada. She then commenced an action for divorce in that state against defendant, who appeared by attorney. Prior to the commencement of the suit, the parties for some time had lived separate and apart. During the pendency of the suit, an agreement was consummated wherein defendant made provision for the support of plaintiff in the event that she was successful in her divorce action. Later, and on May 18, 1931, the Nevada court rendered a decree of divorce in favor of plaintiff and against defendant. The

agreement was approved and incorporated in the decree which provided "that both plaintiff and defendant do and perform each and every act required by the said agreement."

The present action was instituted by plaintiff upon the agreement for the recovery of the sums which by its terms became due and payable to her after 1937. The sole defense is that the agreement was collusive and entered into for the purpose of arranging a divorce without lawful cause and that it is, therefore, illegal and unenforcible.

Upon the motion for summary judgment, the disposition of which is now sought to be reviewed, the only question raised by the answer and affidavit of defendant is as to the legality of the agreement. Defendant does not question the validity of the decree of divorce. In fact, he has since remarried. He urges, however, that since the action here is upon the agreement and not upon the decree, the legality of the agreement may be challenged in this State.

We think that the Nevada decree, which approved and made the agreement a part thereof, estops defendant from attacking the agreement. (*Fales* v. *Fales,* 160 Misc. 799; affd., 250 App. Div. 751; *Goldberg* v. *Mayer,* 243 App. Div. 477; affd., 270 N. Y. 660; *Frost* v. *Frost,* 260 App. Div. 694.) The question of the validity of the contract must be deemed to have been determined by the Nevada court. The estoppel of the judgment extends to any material matter within the issues which was expressly litigated and determined and also to any matter which might have been litigated therein. (*Stewart* v. *Stewart,* 198 App. Div. 337; *Pray* v. *Hegeman,* 98 N. Y. 351; *Frost* v. *Frost, supra,* at p. 697; *Dobson* v. *Pearce,* 12 N. Y. 156.)

The parties having submitted themselves to the jurisdiction of the Nevada court, which also had jurisdiction over the subject-matter, the decree entered is conclusive there, and, under the full faith and credit clause of the United States Constitution (art. IV, § 1), is equally so in every other State. The effect of the decree is not dependent upon the correctness of the finding upon which it was rendered. Error, if there was any, must be corrected by direct review in the tribunal where the decree was obtained. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304.)

Notwithstanding that plaintiff's action here is on the agreement, defendant, under the doctrine of *res judicata,* is estopped from urging the defense of illegality. An estoppel is not avoided by mere difference in the form of action litigated in Nevada and the one at bar. The important factor is that the substance

of the rights established in the Nevada action would be destroyed if the defense of illegality were sustained in the suit before us. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp., supra.*)

The decree and the separation agreement which it embraces, are binding upon the parties in this State. Neither may be collaterally attacked here. (*Hess* v. *Hess*, 276 N. Y. 486; *Glaser* v. *Glaser*, 276 N. Y. 296, 301; *Guggenheim* v. *Wahl*, 203 N. Y. 390, 397.) The only forum which has jurisdiction to modify, alter or amend the decree is the Nevada court.

Accordingly, the judgment and order should be affirmed, with costs.

MARTIN, P. J., UNTERMYER and CALLAHAN, JJ., concur; DORE, J., concurs in result.

Judgment and order unanimously affirmed, with costs.