DELIA B. SCHACHT, Appellant, v. MYRON B. SCHACHT, Respondent.— In this action to declare null and void a separation agreement, entered into by and between plaintiff and defendant, on the ground that the agreement was procured by fraudulent representations made by the defendant, defendant moved for judgment dismissing the complaint on the ground that the action was barred by an existing final judgment of divorce, procured by plaintiff against defendant in the State of Nevada, which judgment approved and incorporated the provisions of the separation agreement attacked in this action. Order granting reargument and on reargument adhering to the original decision, which granted defendant's motion for judgment dismissing the complaint, reversed on the law, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to defendant to answer within ten days from the entry of the order hereon. The separation agreement, by its terms, survived the entry of the divorce decree in the Nevada action, and neither party was thereby deprived of any rights thereunder, or of the usual remedies for breach of any contractual obligations thereby provided. (*Goldman* v. *Goldman,* 282 N. Y. 296; *Schmelzel* v. *Schmelzel,* 287 N. Y. 21.) Since such rights exist, independently of the judgment entered in the Nevada court, we see no reason why this action may not be maintained to terminate such rights, since the Nevada judgment will not be affected by any judgment which may be entered in this action. The judgment in the Nevada action is not conclusive since the two causes of action are different, not only in form, but in the rights and interests affected. The estoppel is limited in such circumstances to the points actually determined. The issue involved in the present action was not involved in the action brought by plaintiff in the Nevada court, and a judgment here will not destroy rights or interests established in that action. (Cf. *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304.) We do not consider *Hoyt* v. *Hoyt* (265 App. Div. 223) an authority to the contrary. The fraud alleged as a defense to the agreement which was the subject of the *Hoyt* action (*supra*) was with respect to matters which could have been litigated in the Nevada court. Moreover, in that case it was urged that the agreement had merged in the Nevada judgment of divorce. Lewis, P. J., Hagarty and Nolan, JJ., concur; Carswell and Adel, JJ., dissent and vote to affirm, with the following memorandum: The provision that the agreement was to continue in full force and effect and survive any judgment or decree should not create any distinction between this case and *Hoyt* v. *Hoyt* (265 App. Div. 223). The sole and only discernible purpose of that provision was to enable the wife to

enforce payments thereunder in the event that the husband breached his obligations under the decree, which were identical with those under the agreement. The existence of that provision created no other or different rights. It should not be said that the agreement which survives solely for enforcement also survives for destruction, that is for the purpose of enabling the wife to have it declared void as the product of fraud. To declare the agreement a nullity, assuming plaintiff were to prevail, would give rise to no rights in the plaintiff in respect of support other than those contained in the divorce decree which she obtained. To have her rights increased she must have the decree modified. Nullifying the agreement would be a futility in respect of the practical and final objective which she must attain to obtain any benefits. The place to accomplish the nullification of these provisions is in the State where the judgment was entered and which incorporated the agreement therein. [See *post*, p. 897.]