DELIA B. SCHACHT, Respondent, *v.* MYRON B. SCHACHT, Appellant.

Argued May 21, 1946; decided July 23, 1946.

*Hobart S. Bird* for appellant. I. What cannot be done directly should not be permitted to be done indirectly. (*Chipman* v. *Montgomery*, 63 N. Y. 221; *Galusha* v. *Galusha*, 138 N. Y. 272; *Johnson* v. *Johnson*, 206 N. Y. 561; *Matter of Stern*, 285 N. Y. 239; *Crouse* v. *McVickar*, 209 N. Y. 213; *Griffin* v. *Griffin*, 66 S. Ct. 556; *Barber* v. *Barber*, 323 U. S. 77; *Sistare* v. *Sistare*, 218 U. S. 1; *Sleicher* v. *Sleicher*, 251 N. Y. 366; *Goldberg* v. *Mayer*, 243 App. Div. 477, 270 N. Y. 660; *Ansorge* v. *Armour*, 267 N. Y. 492; *Guggenheim* v. *Wahl*, 203 N. Y. 390; *Weiman* v. *Weiman*, 295 N. Y. 150; *Kraunz* v. *Kraunz*, 293 N. Y. 152; *Lindsay* v. *Lindsay*, 52 Nev. 26.) II. The complaint was properly dismissed because it failed to state facts sufficient to constitute a cause of action upon which relief could be granted, and the defect cannot be cured by amendment. (*Sager* v. *Friedman*, 270 N. Y. 472.) III. Respondent is estopped from attacking the decree which she asked for and obtained. (*Krause* v. *Krause*, 282 N. Y. 355; *Matter of Lindgren*, 293 N. Y. 18; *Matter of Holmes*, 291 N. Y. 261; *Querze* v. *Querze*, 290 N. Y.

13; *Williams* v. *State of North Carolina,* 317 U. S. 287, 325 U. S. 226.)

*Lawrence S. Timen* and *Emil H. Wasserberger* for respondent. I. Collateral fraud was neither litigated in Nevada nor was it material to the determination of the issues in the former action; therefore the Nevada decree neither raises the doctrine of *res judicata* nor creates estoppel. (*Hoyt* v. *Hoyt,* 265 App. Div. 223; *Silberstein* v. *Silberstein,* 218 N. Y. 525; *Karameros* v. *Luther,* 279 N. Y. 87; *Sielcken-Schwarz* v. *American Factors, Ltd.,* 265 N. Y. 239; *Boston & Maine R. R.* v. *Delaware & Hudson Co.,* 238 App. Div. 191.) II. The agreement survives the Nevada decree. (*Bell* v. *Bell,* 171 Misc. 605, 258 App. Div. 712; *Chester* v. *Chester,* 171 Misc. 608.)

LOUGHRAN, Ch. J. The plaintiff, who was formerly the wife of the defendant, brought this action for a judgment that would annul a separation agreement made by them on April 6, 1944. Her complaint alleges that at the making of the agreement " the defendant herein stated to the plaintiff that the defendant's earnings were meagre and that the defendant  *  *  *  could not possibly pay more than Two Hundred ($200.00) Dollars a month to the plaintiff for her support and maintenance and for the support and maintenance of the daughter of the said marriage." The separation agreement of April 6, 1944, makes provision for payment by the defendant of $100 a month to the plaintiff for her support and for the payment by him of $100 a month for the support of their daughter. The complaint further alleges that " said provision is wholly inadequate and insufficient and inequitable under the circumstances; that the defendant is possessed of property of the value of at least $75,000, and, upon information and belief, the defendant earns $35,000 per annum and did earn in the years 1943 and 1944 the said sum."

The defendant moved under subdivision 5 of rule 107 of the Rules of Civil Practice for an order dismissing the complaint upon the ground that there was an existing final judgment or decree of a court of competent jurisdiction rendered on the merits, determining the same cause of action between the parties. An order of Special Term granting the motion was reversed by the Appellate Division and the case is now here on an appeal by the defendant.

Shortly after the making of the separation agreement, the marriage of the parties was dissolved by a Nevada court as the result of a suit brought by the plaintiff in which the defendant entered a general appearance. Conformably to the allegations in the plaintiff's divorce complaint which described the separation agreement of April 6, 1944 as being " just and fair in all respects ", the Nevada court in its decree gave this direction: " IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the written agreement entered into between the parties, dated April 6, 1944, purporting to adjust and settle all matters pertaining to the * * * support and maintenance of the minor Child of the parties * * * and the support and maintenance of the plaintiff, be, and the same is hereby ratified, approved, confirmed and adopted by the Court, and by reference made part of the Court's decree, and both parties are hereby ordered and directed to comply with the terms and conditions thereof."

These provisions of the Nevada decree and the rights and interests established thereby would be substantially impaired by the judgment which the plaintiff demands in the present action. The issue which she now tenders was expressly adjudicated by the Nevada court at her behest. No claim is made that the Nevada court lacked jurisdiction or that it was misled in any way. In these circumstances, the plaintiff is precluded from maintaining the present action (see *Hoyt* v. *Hoyt*, 265 App. Div. 223, and the cases there cited; 2 Freeman on Judgments [5th ed.], §§ 631, 677).

The order of the Appellate Division should be reversed and that of Special Term affirmed, without costs, and the questions certified answered in the affirmative.

LEWIS, CONWAY, DESMOND, THACHER and FULD, JJ., concur: DYE, J., taking no part.

Ordered accordingly.