Estelle Senor, Plaintiff, v. Louis H. Senor, Defendant.

Supreme Court, Special Term, New York County, October 7, 1946.

*Scherl, Birnbaum & Kuh* (*Archer Scherl* and *Samuel Lawrence Brennglass* of counsel), for defendant.

*Butter & Silverman* for plaintiff.

Pecora, J. Motion to dismiss the complaint pursuant to subdivision 5 of rule 106 and subdivision 5 of rule 107 of the Rules of Civil Practice is granted. Plaintiff alleges that the parties were married in 1917; that in 1937 plaintiff went to Nevada, at the instigation and expense of defendant, to obtain a divorce. Defendant appeared in the action in Nevada. Plaintiff claims the Nevada decree is invalid because neither of the parties was a bona fide resident there. Plaintiff, in addition, alleges that a separation agreement was entered into in 1937, which agreement was incorporated in the Nevada decree. It is alleged that defendant made fraudulent misrepresentations as to his financial circumstances which induced plaintiff to enter into the agreement. The plaintiff seeks to have herself declared the lawful wife of defendant; to have the decree of divorce and the separation agreement declared invalid and to obtain a decree of separation against defendant.

The motion poses the question of the finality and effect of the divorce decree granted by the State of Nevada. Certain principles of law are now well established in regard to the effect of foreign decrees of divorce, although there seems to be some confusion in the many cases which have lately arisen on that subject. It is no part of the public policy of our State to refuse recognition to divorce decrees of sister States even though parties go to such States to obtain decrees on grounds not recognized here, where the decrees are rendered on the appearance of both parties. (*Glaser* v. *Glaser*, 276 N. Y. 296; *Matter of Rhinelander*, 290 N. Y. 31.) Where, as in the instant case, both parties have appeared in the sister State, the decree of divorce so obtained is not subject to collateral attack by either party. (*Hess* v. *Hess*, 276 N. Y. 486; *Glaser* v. *Glaser*, *supra*; *Frost* v. *Frost*, 260 App. Div. 694; *Shea* v. *Shea*, 270 App. Div. 527.) The decisions in *Querze* v. *Querze* (290 N. Y. 13) and *Vose* v. *Vose* (280 N. Y. 779) are clearly distinguishable because there the courts were dealing with Mexican " mail order " decrees which were void and did not even have a semblance of jurisdiction based upon the physical presence in that jurisdiction of at least one of the parties.

Here there was personal appearance, and whether upon a basis of estoppel or *res judicata*, the parties will not be permitted to attack the validity of the Nevada decree in this action. (*Krause* v. *Krause*, 282 N. Y. 355; *Fales* v. *Fales*, 160 Misc. 799, affd. 250 App. Div. 751.) With respect to the separation agreement, which was incorporated in the Nevada decree, the plaintiff is precluded from maintaining her action to set aside that agreement because the question of fraud was one of the issues which could have been decided by the Nevada court which had jurisdiction of the parties. (*Hoyt* v. *Hoyt*, 265 App. Div. 223, leave to appeal denied 290 N. Y. 931; *Schacht* v. *Schacht*, 295 N. Y. 439.) As this court said in *Hyman* v. *Hyman* (N. Y. L. J., Dec. 26, 1940, p. 2198, col. 2): " If plaintiff has any redress at all, she must seek it in the Nevada court in a direct attack upon the judgment."

The motion to dismiss the complaint under subdivision 5 of rule 107 is granted upon the ground that there is an existing valid decree of divorce of the courts of the State of Nevada which determined the questions attempted to be raised in this cause of action, and that the plaintiff is therefore barred from any judgment herein. Settle order.