Order and judgment unanimously affirmed, without costs. The plaintiff sues (1) to set aside a separation agreement, and (2) for a divorce upon the ground of adultery. The defendant moved under subdivision 5 of rule 107 of the Buies of Civil Practice, to dismiss both causes of action on the ground that there is an existing final judgment and decree of a court of competent jurisdiction, rendered on the merits, determining the same causes of action stated in the complaint. The judgment roll of the prior action, made a part of the motion papers, establishes without contradiction that this plaintiff went to Idaho in 1941 and .obtained a decree of divorce from the defendant in an action in which she was the plaintiff, and in which the defendant appeared by a duly authorized attorney. As a part of the decree of the Idaho court the validity of the separation agreement, previously entered into between the parties, was expressly adjudicated, and both plaintiff and the defendant were directed to comply with the terms and conditions thereof. Under these circumstances, the Idaho decree of divorce is valid in this State (Shea v. Shea, 270 App. Div. 527), and the plaintiff may not maintain in this State the alleged cause of action to set aside the separation agreement. (Schacht v. Schacht, 295 N. Y. 439.) Carswell, Johnston and Nolan, JJ., concur; Hagarty, Acting P. J., concurs on authority of Shea V. Shea (270 App. Div. 527); Aldrich, J., deceased. [See post, p. 1017.]