Per Curiam.

Plaintiff sues defendant, her former husband, for $50,000 damages for alleged fraud in inducing her to enter into a stipulation in a Florida divorce action instituted by plaintiff against defendant in April, 1946, in which she obtained against him judgment of absolute divorce. The sole fraud claimed is defendant’s alleged concealment at the time from plaintiff of his true financial standing.
The stipulation provided that defendant would pay plaintiff $5,000 as a complete property settlement and thereafter $125 a week during the lives of the parties until plaintiff remarried and by its terms plaintiff accepted the sums in full settlement of all claims against defendant by reason of the marriage. To the complaint in this action is annexed the Florida divorce decree dated May 14, 1946; that decree after granting plaintiff the divorce also expressly incorporated the stipulation and held that it be ‘ ‘ made a part of this Decree ’ ’.
No claim is made that the Florida court lacked jurisdiction. Indeed in this action plaintiff affirms the Florida decree insofar as it grants her the divorce. In our opinion, however, by this action in New York she seeks to attack collaterally that part of the Florida decree which incorporated the stipulation. Plaintiff may not in this court thus attempt to circumvent the decree she procured (Schacht v. Schacht, 295 N. Y. 439). Plaintiff should seek her relief in the Florida court in which she jsought and obtained her divorce decree incorporating the stipulation in question.
The order appealed from should be reversed and the motion to dismiss the complaint granted.
Does, J. P., Cohn, Callahan, Van Voobhis and Shientag, JJ., concur.
Order unanimously reversed and the motion to dismiss the complaint granted. Settle order on notice.