KATHERINE Z. FRY, Appellant, *v.* SAMUEL E. FRY, Respondent.

First Department, November 27, 1951.

*William A. Kirk* of counsel (*Robert F. Nolan* with him on the brief; *William A. Kirk,* attorney), for appellant.

*Henry L. Bayles* for respondent.

*Per Curiam.* The plaintiff wife brings this action on a separation agreement between the parties. By way of defense the husband pleads (1) illegality of the agreement in that it was made in consideration of the plaintiff's promise to procure a divorce, (2) payment amounting to an accord and satisfaction, and (3) breach on the plaintiff's part by reason of her failure to consult the defendant with respect to the care and education of the children as provided in the agreement. The answer also alleges counterclaims for (1) modification of the agreement, (2) accounting as to sums paid to the plaintiff for support of a child of the parties, and (3) offset to the extent of payments in excess of the defendant's obligation to the plaintiff under the agreement.

Subsequent to the making of the agreement in suit, the wife brought an action for divorce in Nevada and obtained a decree on the husband's appearance. The Nevada decree expressly adjudged that the separation agreement was " approved, adopted and confirmed ", and further directed the parties " to abide thereby and to perform the obligations thereof ". The matter of the wife's proper support was declared to have been " adjusted by said agreement."

We do not consider whether the separation agreement between these parties would be found invalid, if open to attack. Under

the circumstances the first defense based on a claim of illegality must fail. The husband may not now challenge the agreement as invalid. The Nevada decree and its provisions respecting the agreement is binding on the parties in this State in the absence of a direct and successful attack in the Nevada court (*Schacht* v. *Schacht,* 295 N. Y. 439; *Hoyt* v. *Hoyt,* 265 App. Div. 223). The fact that the present action is on the agreement itself rather than the foreign decree, or that the agreement contained a provision for survival of any decree of divorce, would not lessen the estoppel of the Nevada judgment (*Schacht* v. *Schacht, supra*).

We likewise think that the defense of accord and satisfaction is insufficient as the amount of the defendant's obligation or debt was fixed and liquidated.

The defense predicated on alleged breach of the agreement does not seem to be supported by any factual averments of sufficient importance to warrant a trial. The wife's assertion as to the necessity for dispatch due to the emergency nature of the surgical operation performed on the son in another State is not met by any factual allegations that consultation was practicable. Further, the charge of failure to consult the defendant regarding the education of the children is vague and the assertions conclusory.

The counterclaim seeking modification of the agreement must be held insufficient in view of what has been said as to the estoppel of the Nevada decree.

The counterclaims for an accounting and offset as to payments in excess of sums required by the agreement do not warrant any affirmative judgment in favor of the defendant, but only entitle him to credit for any amounts found to have been paid as alleged. This may be determined on an assessment of damages to ascertain the amount now due and payable to the wife. Such credit, however, may not extend to any payments or contributions to the children in the form of gifts.

Finally, there remains the question of the wife's right to recover from the defendant the amount of an insurance loan to meet the premium payable on a policy covering the husband's life. The wife and children of the parties were beneficiaries under the policy. Aside from the fact that the wife consented to the loan, we find no basis for a judgment in the plaintiff's favor simply because the loan has not been repaid to the insurance company. While the separation agreement imposes an obligation on the defendant to pay the insurance premiums and authorizes the wife to make payment and obtain

reimbursement in the event of his default, the fact remains that the wife did not elect to make payment of the premium to keep the policy alive. The repayment of the loan still remains an obligation of the defendant owing to the insurance company.

The order appealed from should be reversed, with $20 costs and disbursements to the appellant and the plaintiff's motion for summary judgment granted as indicated herein. Settle order.

PECK, P. J., GLENNON, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to appellant and plaintiff's motion for summary judgment granted as indicated in the opinion herein. Settle order on notice.