James J. Conroy, J.
Defendant moves to punish plaintiff for contempt and for a counsel fee for making this application. Plaintiff cross-moves for multiple relief, the crucial part of which seeks vacatur of a judgment of this court dated August 15, 1952.
By the afore-mentioned judgment this court granted to plaintiff husband a separation from defendant, but awarded to her custody of the parties’ adopted daughter and directed him to pay to defendant the sum of $50 a week for said daughter’s support “ until she becomes of age.” On appeal that judgment was modified to the extent of dismissing plaintiff’s cause of action for a separation and as so modified was unanimously affirmed. (281 App. Div. 987.)
Shortly after the conclusion of the action in this court defendant and her daughter moved to Texas. In June of 1953 defendant commenced an action for a divorce against plaintiff in that State, in which she also asked for custody of her daughter and that the court fix $50 a week for the latter’s support. Plaintiff appeared in that action. On July 8, 1953, a judgment of divorce was granted in favor of defendant. She was also awarded custody of the child and plaintiff was directed to pay $50 a week for his daughter’s support until she reached 16 years of age. Thereafter, under a change in the Texas law, plaintiff became obligated to support his daughter until she reached 18 years of age. This he did.
After the daughter became 18 she and the defendant moved back to New York. Defendant now seeks to invoke the judgment of this court dated August 15, 1952, to compel plaintiff to support the daughter until she attains her majority.
The case which this court considers decisive on this application is Marshall v. Marshall (280 App. Div. 814, affd. 304 N. Y. 956). There, the wife had obtained a judgment of separation against her husband in this State and had been awarded support for herself and the infant child of the parties. Thereafter, the husband commenced an action for divorce in Florida. The wife appeared in that action. Under the ensuing divorce decree he was ordered to pay her $45 a week. Subsequently, she made a motion in this court to punish him for contempt for failing to make the payments under the judgment of separation and he moved to vacate said judgment. Special Term granted the *953 motion to punish for contempt and denied the motion to vacate. The Appellate Division reversed, writing in pertinent part as follows: “ The New York Court had jurisdiction to punish as for a contempt for the failure to pay the alimony which accrued under the New York separation decree for the period prior to the entry of the Florida divorce decree. There were here no arrearages under the New York decree. Upon the entry of the Florida decree, the marriage relation was terminated, the New York decree was superseded, and the obligation of the husband to pay alimony ended, except as provided in the Florida decree.’’ (Emphasis supplied.)
In the instant case there were no arrearages under the New York judgment prior to the entry of the Texas judgment of divorce. Upon the entry of the Texas judgment, therefore, the marriage relation was terminated, the New York judgment was superseded and the obligation of the plaintiff under that judgment to pay for the support of his daughter ended.
The circumstance that the New York judgment, as finally entered, did not award a separation to either party (defendant had counterclaimed for such relief) does not, in the opinion of this court, alter the effect of the Marshall case (supra). The judgment here was entered in a matrimonial action and it was only as an incident to such an action that this court could provide for the support of the daughter. (Civ. Prac. Act, § 1170-a.) As stated by Judge (now Chief Judge) Conway in Langerman v. Langerman (303 N. Y. 465, 471): “ The jurisdiction of the Supreme Court to order maintenance and support for children is measured by the provisions of sections 1164, 1170 and 1170-a of the Civil Practice Act which restrict it to granting relief as an incident of a marital action before the court.”
Accordingly, defendant’s motion is denied and plaintiff’s cross motion is granted to the extent of striking the fifth ordering paragraph from the judgment dated August 15, 1952, and is otherwise denied.
Settle order.