LUCILLE E. HUGHES, Respondent, v. THOMAS W. HUGHES, Appellant.

First Department, December 13, 1960.

*Solomon Boneparth* of counsel (*Augustine M. Devanney,* attorney), for appellant.

*Irwin Isaacs* for respondent.

McNALLY, J. In this action on a separation agreement made May 20, 1953 by a divorced wife against her former husband to recover $50 per week support payments for the adopted child of the parties, defendant appeals from a determination of the Appellate Term affirming by a divided court a judgment for the plaintiff for $2,224.75 entered in the Municipal Court after a nonjury trial.

The separation agreement was made after April, 1953 when it was adjudged that neither party was entitled to a judgment of separation (281 App. Div. 987). Paragraph 4 of the separation agreement states that defendant agrees to make $50 per week payments for the support of his daughter '' in accordance with the decree granted * * * in the Supreme Court, Queens County, and entered * * * the 18th day of August, 1952.'' In the Queens County action by the husband for an annulment or a separation, the defendant herein was awarded a separation but custody of the child was given to the plaintiff herein and the former was required to pay $50 per week for the support of the infant '' until she becomes of age.'' On appeal the judgment was modified to the extent of dismissing the husband's cause of action for a separation.

The separation agreement further provides:

'' 11. * * * All the terms and conditions hereof shall continue in full force and effect, notwithstanding the dissolution of the marriage by decree of divorce, or notwithstanding a separation, at any time in the future, and in the event that the wife shall seek a separation or divorce she shall ask no further alimony or counsel fees.

'' In the event of a decree of divorce between the husband and the wife, the provision herein contained for the support and maintenance of the wife and child shall be embodied in such decree and made a part thereof.

'' 12. This agreement shall not be modified or annulled by the husband or the wife, except by written instrument, signed, sealed and acknowledged by both, and no party shall have any

right to ask for a revision of any of the terms of this agreement. The failure of any party to this agreement, by any other party, shall not be deemed a waiver of the right to insist upon a strict performance of such provision or any other provision of this agreement at any time whatsoever.''

On July 20, 1953 a judgment of divorce was entered in the 44th District Court of Dallas County, Texas, divorcing the parties and directing that the husband provide $50 per week support for the child until age 16. The Texas law was subsequently changed to require support of a child to age 18. Plaintiff made application to the Texas court for an increase of the support provision for the child, which was denied. Defendant paid the $50 per week support until the minor child attained the age of 18, but failed to provide support thereafter.

Plaintiff thereupon moved to punish the defendant for contempt for failure to make the weekly payments after the infant attained the age of 18 in accordance with the New York decree. Defendant cross-moved to strike from the Queens County Supreme Court decree the provision for the support of the infant. The motion to punish the defendant for contempt was denied and the cross motion of the defendant to strike the support provision was granted on the ground that the Texas divorce decree superseded the New York separation decree (13 Misc 2d 951). Plaintiff then commenced her action in the Municipal Court based on the separation agreement.

The separation agreement obligated the defendant to pay $50 per week until the child became 21 years of age. The statement in the separation agreement that the amount of support of the child of the parties is '' in accordance with the decree granted * * * in the Supreme Court, Queens County '' is descriptive and represents the adoption by the parties of the judgment of that court's determination as a basis for fixing the extent of defendant's legal liability for support of the child under the circumstances. (Cf. *Marshall* v. *Marshall,* 280 App. Div. 814, 815, affd. 304 N. Y. 956. There the court observed the Florida decree in an '' awkward way '' decreed support '' in accordance with the terms '' of a New York judgment. The reference to the New York judgment was held not to vitalize it so as to enable the New York court to punish the defendant for failure to support after the Florida divorce decree.) It was not the intention of the parties herein to terminate defendant's obligation to support the child when the marriage was dissolved by a divorce decree and the New York separation decree thereby superseded. The agreement expressly states the contrary.

Moreover, that the parties fixed their respective rights and obligations in accordance with the laws of New York and did not intend them to be affected by the laws of Texas or any other State is manifest from paragraph 15, which provides: "15. The terms and conditions of this agreement shall be construed and shall be enforceable in accordance with the laws of the State of New York."

The entry of the Texas divorce decree did not *ipso facto* serve to abrogate the separation agreement. (*Hettich* v. *Hettich,* 304 N. Y. 8, 14; *Holahan* v. *Holahan,* 298 N. Y. 798; *Schmelzel* v. *Schmelzel,* 287 N. Y. 21, 25–26; *Goldman* v. *Goldman,* 282 N. Y. 296; *Galusha* v. *Galusha,* 116 N. Y. 635, 645.)

The agreement at bar requires the provision for the support of the infant to be part of any divorce decree; consequently, the adoption by the Texas court of the said provision for support did not serve to merge the agreement with the decree. (*Hettich* v. *Hettich, supra.*) Here, as in *Hettich,* it does not appear the agreement was before the Texas court, nor does it appear that plaintiff there sought any relief in her own behalf.

The record is barren of evidence of abandonment, or of any written modification or termination of the agreement, as by it required, or of "a mutual act of the parties based upon mutual intention, or some other cause recognized by law, [which] could terminate this valid separation agreement." (*Schmelzel* v. *Schmelzel, supra,* p. 26.)

The agreement not having been incorporated therein, the Texas decree does not affect the power and jurisdiction of the courts of this State to adjudicate its validity and the rights and obligations thereunder. (*Flood* v. *Thiesing,* 298 N. Y. 700.) In any event, we are not here concerned with an attempt to invalidate an agreement adjudged valid by the judgment of a sister State. (Cf. *Schacht* v. *Schacht,* 295 N. Y. 439, 442; *Fry* v. *Fry,* 279 App. Div. 122, affd. 304 N. Y. 889; *Hoyt* v. *Hoyt,* 265 App. Div. 223.) Conversely, here the plaintiff seeks to enforce the agreement. Had the agreement been incorporated in the Texas decree, it would have been immunized from collateral attack as to its validity, and enforcible in the courts of this State. (*Fry* v. *Fry, supra; Hoyt* v. *Hoyt, supra.*)

The determination of the Appellate Term, dated May 12, 1960, should be affirmed, with costs to plaintiff-respondent.

STEVENS, J. (dissenting). This is an appeal, by leave of the Appellate Term, from an affirmance by that court, one Justice dissenting, of a judgment entered in the Municipal Court in favor of the plaintiff in the sum of $2,224.75.

The complaint in the Municipal Court set forth that the action was "to recover weekly installments of $50.00 per week for 17 weeks [later amended to 41 weeks] pursuant to a separation agreement entered into between the parties hereto for the support of their daughter who is under the age of 21 years, payment thereof demanded but refused."

The answer of the defendant pleaded general denial, and the affirmative defenses (a) that the agreement was superseded and made null and void by a divorce decree of the Juvenile District Court of Dallas County, Texas, entered July 20, 1953; (b) that the agreement required payments to be made in accordance with a decree granted August 18 [15], 1952, by CONROY, J., which provision in the decree had been vacated and struck out by said Justice by order granted September 30, 1958, which order is a bar to the action, and a third affirmative defense not material here.

The parties hereto were married February 22, 1945 in the State of New York. There was no issue of the marriage, but about one and one-half years after the marriage the parties adopted a child, Elizabeth, born June 27, 1940, who had been previously adopted by this plaintiff.

Subsequently the parties separated and the husband brought action for separation. After trial, by decree dated August 15, 1952, a separation was granted the husband, but custody of the infant was awarded the wife, and the husband was directed to make payments of $50 per week for the support of the child "until she becomes of age."

On appeal the judgment was modified to deny separation to either party but otherwise affirmed (281 App. Div. 987).

After the trial the parties entered into a separation agreement dated May 20, 1953, which, *inter alia,* provided: "4. In addition to the payments aforementioned, the husband also agrees *to continue to pay* to the wife, the sum of Fifty ($50.00) Dollars per week for the support and maintenance of the infant, Elizabeth, the adopted daughter of the parties hereto *in accordance with the decree granted by Mr. Justice Conroy* in the Supreme Court, Queens County * * * and such payments shall *be made as heretofore.* The custody of the child Elizabeth *was granted* to the wife by the decree aforementioned and she is to continue to have sole custody of the child *in accordance with that decree.*" (Emphasis supplied.)

The agreement provided further that in the event of a separation or divorce in the future the wife should not ask for further alimony or counsel fees, and that in the event of a divorce the provisions for the support of the wife and child should be

embodied in the decree and made a part thereof. Further, the agreement "shall be construed and shall be enforceable in accordance with the laws of New York."

Some time after the conclusion of the court action plaintiff and her daughter moved to Texas (in fact plaintiff executed the agreement in Texas) where plaintiff instituted action for divorce in which she asked custody of and support for the child. The defendant appeared in that action. On July 8, 1953, a judgment of divorce was granted plaintiff, custody was awarded plaintiff and the defendant directed to pay $50 per week for the child's support until she reached the age of 16 years, later extended by law to 18 years.

Thereafter plaintiff sought in the Texas court to have the child's support provision amended so as to increase the payments to $100 per week. This was denied.

Defendant made payments for the support of the child until she reached the age of 18 years, when the payments were discontinued. Thereafter, plaintiff returned to New York, and moved in the Supreme Court, Queens County, before Conroy, J., to punish defendant for contempt for failure to continue to make payments of $50 per week. Defendant cross-moved to vacate that portion of the judgment dated August 15, 1952, which directed payments of $50 per week for the support of the infant "until she becomes of age." The motion to punish for contempt was denied and the cross motion to vacate granted, the court holding that the New York decree was superseded by the Texas decree.

This action in the Municipal Court ensued.

On appeal, the appellant urges that the agreement was incorporated in the Texas decree, but whether it was or not the Texas decree must receive full faith and credit in this State, and plaintiff is estopped thereby from bringing action on the agreement. He asserts that the direction for payment of $50 per week having been eliminated from the decree, there is no basis for the requirement, since payment was to be made "in accordance" with that decree. Defendant contends also that even if the agreement were not merged, plaintiff repudiated the same.

Plaintiff contends that the provision in the agreement for the child's support is still in effect and recovery was allowed properly.

While the agreement bound plaintiff to embody its provisions in any decree of divorce obtained, the direct evidence of merger is somewhat meager and consists of plaintiff's testimony of what she told the Judge about the existence of the agreement and its provision for support which, she testified, she then said was

adequate. The indirect evidence, however, is that the amount awarded coincided with that agreed upon (without an examination into the defendant's means), and that custody was awarded the plaintiff. Whether or not the agreement was merged is not determinative here. If, as plaintiff contends, it was not embodied in the decree, that is some evidence that she elected to ignore or repudiate that provision which called for its embodiment in any decree of divorce obtained.

Again, plaintiff chose to submit the question of custody and support of the infant to the Texas court independently of the agreement, and the court, having jurisdiction of the parties and the subject matter, acted as it deemed fitting, the infant being a ward of the court. Further evidence of plaintiff's election to ignore the agreement is found in her later application to the Texas court for an increase in the amount which defendant was ordered to pay for the infant's support. The later motion in the Supreme Court, Queens County, to punish the defendant for contempt, under the 1952 decree, is additional evidence that plaintiff disregarded the existence of the agreement. Separately, it might be contended that neither act alone definitively indicated an intention to abandon or repudiate the agreement. But, cumulatively, the conclusion seems inescapable that there was both an abandonment and a repudiation of the agreement.

As pointed out, since the Texas court had complete jurisdiction, full faith and credit should be given to the decree in its entirety.

To hold that such principle is binding only insofar as plaintiff elects to apply it to the portions of her own choosing is to negate its purpose and effectiveness.

When the parties entered into the agreement they expressly recognized the existence of the decree, the obligation of support declared therein, as well as the amount provided for. Payments were to continue to be made in accordance with the decree; they were to be made to the wife because custody had been granted her by the decree. There is no ambiguity in the language used. Since the parties expressly provided for payments '' in accordance with the decree '', it must be held to have been within the contemplation of the parties that such decree might and could be modified or even annulled by the court as justice required. (See Civ. Prac. Act, §§ 1164, 1169, 1170.) The husband recognized and bound himself to act in accordance with the decree. When the wife sought later to punish him for contempt because of his failure to continue the support payments, she affirmed her earlier recognition that the obligation provided for in the agreement was premised upon the provision of the decree

with its potential advantages, and that the court had the power to enforce, modify or even annul provisions of the decree. (See, generally, Restatement, Contracts, §§ 234–236 and comments.)

When the plaintiff thereafter in Texas instituted suit for divorce, custody and support of the child, all parties appearing, she obtained a valid judgment which was an adjudication of all facts put in issue. (See Restatement, Conflict of Laws, §§ 429, 457.) The judgment violated no law, nor contravened any public policy of this State, and is determinative of the rights of the parties. (See Restatement, Conflict of Laws, § 450.) Plaintiff is thereby estopped from bringing this action which, though designated commercial and an action upon the agreement, is essentially one for the support of the infant. The support provision of the agreement had its genesis in the 1952 decree, and the expressed aim was compliance " in accordance " therewith. To permit the plaintiff to avail herself of the jurisdiction and powers of the Texas court, the benefits of the decree entered therein, while ignoring the agreement, and then upon returning to New York years later to sue and recover in contract upon a particular provision of such agreement, without regard to the circumstances of the parties or needs of the child, is not to do equity, nor afford a reasonable construction to the terms of such agreement.

Moreover, the language of the Texas decree would seem to create a new source of the extent and obligation of the husband for support of the infant and, in effect, supersede the agreement. (Cf. *Marshall* v. *Marshall,* 280 App. Div. 814, affd. 304 N. Y. 956.)

Nor am I unmindful of the *Goldman* case (*Goldman* v. *Goldman,* 282 N. Y. 296), which merely decided that the power of the court conferred by statute, to vary, modify, or even to annul a provision in its decree for support of the wife, is not limited by the terms of a separation agreement entered prior to the decree.

*Fry* v. *Fry* (279 App. Div. 122, affd. 304 N. Y. 889) may be distinguished also. In that case plaintiff wife brought action on a separation agreement entered into prior to obtaining a Nevada decree of divorce in which all parties appeared. The wife's support was declared (in such decree) to have been adjusted by the agreement, which was approved, adopted and confirmed. On appeal the plaintiff's motion for summary judgment was granted and the husband was declared estopped from attacking the agreement by virtue of the Nevada decree. In the case before us no reference is made in the decree to the agreement, nor was it incorporated or approved.

Nor is any hardship imposed by the conclusion reached, for the courts are not powerless to direct support for the infant upon a proper showing. (See Social Welfare Law, §§ 101, 101-a, 102.)

Accordingly, the judgment should be reversed and judgment entered for the defendant.

BOTEIN, P. J., and BREITEL, J., concur with McNALLY, J.; STEVENS, J., dissents and votes to reverse in opinion, in which VALENTE, J., concurs.

Determination of the Appellate Term affirmed, with costs to the respondent.