Louis G. Bruhn, J.
This is a motion by the defendant for an order dismissing the complaint herein for failure to state facts sufficient to constitute a cause of action or in the alternative dismissing the first cause of action for failure to state facts sufficient to constitute a cause of action.
The plaintiff, Catherine M. Ciatto and the defendant were married on November 19, 1958 and the plaintiff, Cynthia Louise Ciatto, the issue of such marriage was born May 30, 1959.
On May 13, 1959 the husband and wife entered into a separation agreement which agreement was incorporated in a decree of divorce obtained by the defendant, husband, against the plaintiff, wife, on May 26, 1959 in the Circuit Court in Equity, County of Marion, State of Alabama.
This action now seeks a declaratory judgment decreeing in effect that such separation agreement is null and void as to both the plaintiff, wife, in the first cause of action and the plaintiff, daughter, in the second cause of action.
A previous motion was made to the Hon. Roscos V. Elsworth, Justice, to dismiss and separately state and number the causes of action.
*159 Justice Elswobth granted the motion to separately state and number but denied the motion to dismiss ‘ ‘ without prejudice to defendant to make any further motions he deems appropriate to the amended complaint.”
So far as the first cause of action is concerned there appears little question that the motion must be granted.
The law seems well settled that once a separation agreement is incorporated in a divorce decree of a sister State it becomes immunized from collateral attack as to its validity and consequently a complaint seeking such result does not state a valid cause of action. (Schact v. Schacht, 295 N. Y. 439, 442; Fry v. Fry, 279 App. Div. 122, affd. 304 N. Y. 889; Hoyt v. Hoyt, 265 App. Div. 223.)
In the Schacht case (supra) the court, at page 442, stated: 1 ‘ These provisions of the Nevada decree and the rights and interests established thereby would be substantially impaired by the judgment which the plaintiff demands in the present action. The issue which she now tenders was expressly adjudicated by the Nevada court at her behest. No claim is made that the Nevada court lacked jurisdiction or that it was misled in any way. In these circumstances, the plaintiff is precluded from maintaining the present action”. (See, also, Rehill v. Rehill, 306 N. Y. 126,135; Nichols v. Nichols, 306 N. Y. 490, 498.)
Such conclusion is not intended to imply that she is without remedy but merely that this court has no jurisdiction under the circumstances and she must seek relief elsewhere. (Temple v. Liebmann, 17 Misc 2d 740, affd. 9 A D 2d 664, appeal dismissed 7 N Y 2d 1049.)
So far as the infant’s cause of action is concerned it might appear that since she was not a party to the Alabama action that the same barrier which confronts her mother would not impede her cause of action.
However, the case of Langerman^. Langerman (303 N. Y. 465) suggests the contrary view that this court has no jurisdiction.
In that case at page 469 the court stated: “ Infant plaintiffs’ contention that the Supreme Court of this State has inherent power in equity to compel a father to support his child will not survive analysis.” (See, also, Gallagher v. Pagliaro, 305 N. Y. 681.)
The court, at page 473 further suggested the remedy available in such circumstances: ‘ ‘ Outside of New York City, jurisdiction to order support of a child is conferred on the Children’s Courts by sections 30 and 30-a of the Children’s Court Act of the State of New York.” (See, also, Matter of Pinto, 203 Misc. 244.)
*160 Incidentally, section 30-a of the Children’s Court Act indicates relief is available to the wife as well as to the children in that court.
Therefore, for the reasons stated, the defendant’s motion is granted as to both causes of action, without costs.