■ THERESE T. KLOTZ, Respondent, v. SERGE KLOTZ, Appellant.— Orders, entered May 3, 1962, denying motion to dismiss complaint as insufficient and denying defendant's motion to vacate an order of arrest, unanimously modified, on the law, to the extent of dismissing the first cause of action in the complaint, and otherwise affirmed, without costs. Had the husband misrepresented the value of his own assets, the first cause of action would have been insufficient (*Weintraub* v. *Weintraub*, 302 N. Y. 104). That he misrepresented the value of certain of his wife's assets creates, in our opinion, no legally significant difference. The agreement provided for support and maintenance and was substantially more than a property settlement. It included a provision looking to divorce, and the Nevada court which granted the divorce less than two months after the date of the agreement ratified and approved that document, made it part of the divorce decree, and ordered the parties to comply with its terms and provisions. To sustain the cause of action would not only substitute judicial

decision for the agreement of the parties (*Johnson* v. *Johnson*, 206 N. Y. 561) but impair the adjudication which the wife sought and obtained in a sister State (*Rehill* v. *Rehill*, 306 N. Y. 126, 135; *Schacht* v. *Schacht*, 295 N. Y. 439; *Calderon* v. *Calderon*, 275 App. Div. 251; *Hoyt* v. *Hoyt*, 265 App. Div. 223). Even if the action had been brought on the theory discussed in *Burbrooke Mfg. Co.* v. *St. George Textile Corp.* (283 App. Div. 640), no inference could be drawn from the allegations which would possibly warrant the invocation of that theory (cf. *Ross* v. *Preston*, 292 N. Y. 433, 437). Nor, as pointed out in *Hoyt* v. *Hoyt* (*supra*, p. 224), is the reasoning in *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.* (250 N. Y. 304) of avail. Concur — Botein, P. J., Breitel, Valente, Stevens and Steuer, JJ.