Samuel J. Silverman, J.
Defendants Dorothy Neuman,
Herman Tellon, and Tellon, Banno & Lombardo move for summary judgment dismissing the complaint. Plaintiff Bernard Neuman and the defendant Dorothy Neuman were married on March 26, 1944. Two children were born of that marriage. Plaintiff husband had left the marital abode in April, 1963. In July, 1963, the defendant wife had instituted an action for legal separation against the plaintiff husband, which was disposed of by stipulation of August 16, 1963: the stipulation provided for an inquest in the wife’s favor and made various provisions for support, custody, etc.
In April, 1964, there were discussions between the parties looking toward a divorce, which plaintiff husband wanted. As a result, the parties entered into a formal separation agreement, dated April 27,1964. This agreement was more favorable to the wife than the stipulation of settlement in at least the following respects: (a) $5,000 cash was to be paid to the wife; (b) the husband deeded the residence of the parties to the wife; and (c) the support payments were specifically allocated in part to the children, with consequent favorable tax consequences to the Avife. On the other hand, the Avife waived inheritance rights.
The plaintiff husband contends that these additional benefits to the wife were a premium to her for a divorce. It is at least clear that the husband was mrwilling to consent to these terms except as incidental to a divorce; and the AAÚfe Avas opposed to a divorce unless these terms Avere agreed upon.
The Amrious documents Avere delivered in escrow to the attorneys ; the wife’s attorneys holding the separation agreement, the deed, and a letter concerning joint income tax returns; the husband’s attorneys holding various checks. By written agree *234 ment, the escrows were to he “ exchanged ” when the wife’s attorneys sent the husband’s attorneys a certified copy of a divorce decree.
On May 2, 1964, the defendant wife appeared personally in Juarez, Mexico, where she commenced an action for divorce against the plaintiff husband. Therein she also sought approval of the April 27, 1964, agreement. Plaintiff husband appeared in that action through an authorized attorney.
Before the divorce proceedings in Mexico were completed, and on May 6,1964, plaintiff husband and his coplaintiff, Sandra Goldstein (the guarantor of the separation agreement and later his second wife), through new attorneys, served on the defendant wife’s attorneys the summons and complaint in this action. The complaint, verified May 5, 1964, asks that the escrowees be compelled to surrender to plaintiffs the various escrowed documents and checks; that the documents be cancelled or destroyed; and that the separation agreement and the deed be declared null and void.
But on May 9,1964, the plaintiff husband personally appeared in Mexico and, on his petition, sought the entry of a decree of divorce upon plaintiff’s complaint in the divorce action. A final decree of divorce, dated May 14, 1964, was thereupon granted. By this final decree, the Mexican court ‘ ‘ finds ’ ’ in part: ‘ ‘ fourth : The agreement entered into by the parties on April 27, 1964, and signed on such date before Helen Gargiulo, a Notary Public in and for the County of Nassau, State of New York, U. S. A., which is incorporated herein by reference, be and it is hereby approved, and shall subsist at all times.”
Between commencement of the present action on May 6, 1964, and May 14, 1964, the defendant wife apparently offered to undo all proceedings and to revert to the separation action.
Plaintiffs intermarried on May 17, 1964. Subsequently, and on May 23, 1964, defendant Dorothy Neuman was served with the summons in this action.
The present action is based on the provisions of section 51 of the Domestic Relations Law. Plaintiffs contend that the agreements are illegal as being made in consideration of and to procure a divorce.
1. No attack is made on the jurisdiction of the. Mexican, court to grant, the decree of divorce, which might involve a question of jurisdiction of the subject matter. Jurisdiction to pass on the separation agreement would seem to involve only a question of jurisdiction over the person; and that the Mexican court surely had.
*235 In such circumstances, separation agreements, approved by or incorporated in the decree of a sister State, have been held to be immune from attack as agreements to induce a divorce. (Fry v. Fry, 279 App. Div. 122 [1st Dept., 1951], affd. 304 N. Y. 889 [1953]; Hoyt v. Hoyt, 265 App. Div. 223 [1st Dept., 1942].)
The same result has been reached where the agreements have been incorporated in and approved in a decree of a Mexican court. (Fink v. Goldblatt, 18 A D 2d 629 [1st Dept., 1962]; McLinden v. McLinden, 286 App. Div. 1033 [2d Dept., 1955]; Baylek v. Baylek, 25 Misc 2d 391 [Supreme Ct., N. Y. County, 1960].)
I do not think that public policy requires this court to relieve plaintiff husband from the effect of the decree which he asked the Mexican court to enter.
In Viles v. Viles (14 N Y 2d 365 [1964]) relied on by plaintiff, the agreement was not incorporated in the decree.
2. One other consideration needs to be mentioned: Plaintiffs have obtained the benefit of the divorce decree which they wanted; and plaintiff husband asked the Mexican court to make that decree, incorporating the separation agreement, while ■simultaneously attacking or preparing to attack it in a suit in this court. In these circumstances, plaintiff cannot be deemed to come into court with clean hands. Therefore, at least insofar as the agreement is executed, and not executory, the court should not help these plaintiffs. (Lake v. Lake, 136 App. Div. 47 [3d Dept., 1909]; Schley v. Andrews, 225 N. Y. 110, 113 [1919].) The checks, deed, agreements and letter acknowledging indebtedness were delivered to the attorneys and they must do something with them. The deliveries being in escrow were essentially in trust for the defendant wife on the condition therein stated. The condition having been complied with, the trust became a dry trust for the defendant wife’s benefit; the attorneys then held the documents for her account. In respect to delivery of these documents, the agreement has thus been executed and is no longer executory.
3. There is a suggestion that plaintiff husband may have been induced to enter into the agreement by a fraudulent misrepresentation as to his wife’s earnings. But it is clear that before he went to Mexico he already knew of this claimed misrepresentation. In these circumstances, his application to the Mexican court to enter a decree including approval of the separation agreement was a waiver of the alleged fraud and a ratification of the transaction.
*236 4. As to plaintiff wife, the second wife of plaintiff husband, the considerations are somewhat different. She was not a party in the Mexican action. But I think the clean-hands doctrine bars affirmative relief as to her too.
Accordingly, defendants’ motion for summary judgment dismissing the complaint is granted.