James F. Lo Piccolo, J.
In this action tried before me without a jury, plaintiff, former wife of the defendant, seeks to recover arrears in payments due for the support of a child of the marriage between the parties pursuant to a separation agreement dated May 19,1961.
The plaintiff obtained a final decree of divorce from the defendant in the State of Alabama on May 23, 1961 in an action wherein the defendant made a general appearance and answer by an attorney.
The decree provided “ that the agreement heretofore entered into between the parties to this cause, dated the 19th of May 1961 together with the provisions contained therein be, and same hereby ratified, confirmed, approved and incorporated in this decree of divorce by reference and shall survive and not merge herein and the parties hereto are ordered to strictly abide thereby.” The separation agreement provided for such incorporation. Both parties have since remarried,
Paragraph 13 of the agreement provides as follows: “ The wife reserves the right to institute suit for an absolute divorce in any jurisdiction that she may now or at anytime in the future deem herself entitled to. The husband agrees that he will appear generally therein and will not oppose such suit on jurisdictional grounds.”
The main defense to this action is that the agreement sued upon is illegal in this State in that a husband and wife are prohibited “to contract to alter or dissolve the marriage” (Domestic Relations Law, § 51, now General Obligations Law, § 5-311).
The defendant contends that there was a collateral agreement between the parties at the time the separation agreement was entered into that plaintiff was to obtain a divorce from the defendant in either the State of Alabama or Florida, and that paragraph 8 of the separation agreement providing for the payment of $600 to the plaintiff at the time of executing the agreement and another $300 30 days later was to pay the expenses incurred by plaintiff in obtaining such a divorce. The $600 payment was sent by the defendant with a letter dated May 19, 1961, Plaintiff acknowledged the receipt of the payment on *424 the second page of this letter. However, such letter does not, as defendant contends, indicate that the said payments to the plaintiff were to reimburse her for expenses in obtaining a divorce. On the contrary, such letter indicates that the payments were either to apply to any award made to the plaintiff in a pending action between the parties in the Supreme Court, or in the event of discontinuance of said action, they were to be applied under the terms of the separation agreement. Be that as it may, it does not appear from documentary evidence referred to herein that the defendant’s obligations under the separation agreement were conditioned upon the plaintiff’s obtaining of a divorce, although there may have been an understanding between the parties that plaintiff was to obtain a divorce.
Defendant urges in support of his contention that the separation agreement herein is invalid and that this court should refuse to enforce the agreement despite its incorporation and approval in this foreign divorce decree citing the case of Viles v. Viles (14 N Y 2d 365) and cases therein cited (Reed v. Robertson, 276 App. Div. 902, affd. 302 N. Y. 596; Niman v. Niman, 15 Misc 2d 1095, affd. 8 A D 2d 793).
In the Viles case (supra), this agreement was not incorporated in the divorce decree obtained by the wife therein.
In the Reed v. Robertson case, it does not appear that the determination of illegality of the agreement therein rested solely on defendant’s consenting to put in appearance in a divorce action brought by the wife but rather on the basis of the whole record therein. It also appears that in that case there was the same question as to defendant’s authorizing an attorney to appear for him in a foreign jurisdiction. (See facts given in 302 N. Y. 596.)
In the case of Fry v. Fry (279 App. Div. 122, affd. 304 N. Y. 889) where a wife obtained a Nevada decree of divorce on the husband’s appearance and in which a previous separation agreement was similarly incorporated and approved, the Appellate Division, First Department reversed the lower court and granted summary judgment to this plaintiff wife in an action based on the separation agreement. In a Per Curiam decision, the court found the defendant would be estopped from raising the issue of illegality, stating as follows (279 App. Div. 122, 123-124): “ We do not consider whether the separation agreement between these parties would be found invalid, if open to attack. Under the circumstances, the first defense based on a claim of illegality must fail. The husband may not now challenge the agreement as invalid. The Nevada decree and its provisions respecting *425 the agreement is binding on the parties in this State in the absence of a direct and successful attack in the Nevada court (Schacht v. Schacht, 295 N. Y. 439; Hoyt v. Hoyt, 265 App. Div. 223). The fact that the present action is on the agreement itself rather than the foreign decree, or that the agreement contained a provision for survival of any decree of divorce, would not lessen the estoppel of the Nevada judgment (Schacht v. Schacht, supra).” Similar holdings have been made in the following-cases: Gary v. Gary (6 Misc 2d 669, affd. 4 A D 2d 948); McLinden v. McLinden (286 App. Div. 1033); Fink v. Goldblatt (18 A D 2d 629) and Neuman v. Neuman (44 Misc 2d 232).
Accordingly, I find, on the law under the circumstances disclosed herein, that the defense of illegality is unavailable to the defendant, at least in this jurisdiction, when he has made an appearance in the action for divorce which resulted in a decree incorporating and approving the agreement and which decree is recognized and respected by the State of New York. (Harges v. Harges, 46 Misc 2d 994.)
The defendant has not established any of the remaining defenses, and judgment is awarded to the plaintiff in the sum of $1,275, with interest as demanded in the complaint.