■ JAMES T. SCHOENBROD, Respondent, v. ROSANNE S. SIEGLER, Appellant.— Order entered May 9, 1966, denying defendant's motion to dismiss the complaint, reversed, on the law, with $50 costs and disbursements to defendant-appellant, and the complaint dismissed under constraint of *Statter* v. *Statter* (2 N Y 2d 668). In *Statter* it was held that an action for an annulment was precluded by a prior judgment of separation between the parties implicitly establishing the validity of the marriage. Here, plaintiff husband seeks to annul a separation agreement alleging the marriage ceremony to be invalidly performed in the West Indies on January 23, 1963 by an official who lacked the requisite authority to do so. The prior bilateral Mexican decree of divorce approving the separation agreement is *res judicata* on the issue of the validity of the marriage. (*Rosenstiel* v. *Rosenstiel*, 16 N Y 2d 64; *Schacht* v. *Schacht*, 295 N. Y. 439; *Statter* v. *Statter, supra.*) Concur — Breitel, J. P., McNally and Capozzoli, JJ.; Rabin and Witmer, JJ., dissent in the following memorandum by Witmer, J.: I dissent and vote to affirm the order of Mr. Justice LORETO denying the motion to dismiss the complaint. The plaintiff went through a marriage ceremony with the defendant in Grenada, West Indies, lived with her, and about two and one-half years later entered into a separation agreement with her. He then invoked the jurisdiction of the Mexican court to procure a divorce from her; and the decree of divorce incorporated the separation agreement. Almost immediately after entry of the decree the plaintiff learned, he alleges, that his marriage to the defendant was void, and hence that he did

not have to enter into the separation agreement and did not need the Mexican divorce. He thereupon instituted this action to declare his marriage void and to set aside the separation agreement. On this motion we assume the truth of the allegations of the amended complaint and the undisputed statements of facts and of Mexican law contained in the affidavits in opposition to the motion. Recognizing the legal problems involved, the court below deferred decision pending plaintiff's application in Mexico to vacate the divorce decree upon the ground that the court was without jurisdiction to grant it, since there was no marriage. The papers show that the application was made and that the Mexican court denied it for the reason, it is alleged, that there is no provision in Mexican law for vacating a judgment once rendered. It is further alleged, and sworn to by an expert in Mexican law, that "since the effect of the divorce decree is merely in substance to establish the single status of the parties, under Mexican law neither party would be barred by the doctrine of *res judicata* from litigating in a separate proceeding the validity and effect of a separation agreement incorporated by reference in a divorce decree." Apparently the reason the plaintiff does not seek such relief in Mexico is that he cannot obtain jurisdiction of the defendant there for such purpose. In *Statter* v. *Statter* (2 N Y 2d 668) it was held that a judgment of separation presumes the validity of the marriage upon which it is based, and that such judgment is *res judicata* in a subsequent action attacking the validity of the marriage. Under constraint of that decision the majority hold that the plaintiff may not maintain this action to declare the invalidity of the Grenada marriage and the separation agreement because it would amount to a collateral attack upon the Mexican decree, which, it is held, is *res judicata* as to these matters. I disagree on three grounds, First, in the *Statter* case, *supra*, the plaintiff in the second action, that is, to obtain an annulment, was seeking relief inconsistent with that granted in the first judgment, that is, a declaration that the marriage, which the first judgment confirmed, never existed; and that clearly cannot be. A judgment in such second action would impair the first judgment. (*Schacht* v. *Schacht*, 295 N. Y. 439.) But in the case at bar the judgment sought is consistent with the Mexican decree establishing the unmarried status of the parties. Second, the order appealed from would permit the trial court to determine whether in fact the Mexican court would permit a collateral attack, as is alleged, to establish that the Grenada marriage was void and that the separation agreement should properly be set aside as founded on mistake in fact and in law. That I think is the proper procedure to follow. Where the court of another jurisdiction permits collateral attack upon its judgments, our courts may do the same. (*Langerman* v. *Langerman*, 303 N. Y. 465, 473; *Matter of Johnson*, 301 N. Y. 13, 20, revd. *sub nom. Johnson* v. *Muelberger* on the ground that Florida would not allow such attack in that case, 340 U. S. 581.) Third, as the court below said, "It is not consonant with our public policy and justice and morals to hold that the parties are to be held forever subject to the legal responsibilities of a valid marriage, when in fact there never was one." Even though the plaintiff's plight is largely of his own making, it is the practice of courts of equity to relieve parties from their acts based upon mutual mistake. (*Tinkess* v. *Burns*, 24 A D 2d 545; 5 Williston, Contracts [revd. ed.], § 1544; see *Bloomquist* v. *Farson*, 222 N. Y. 375, 380.) Mistake being the basis of the acts of the parties in this case, this court should now be moved to aid the aggrieved party. Even if the first two above-mentioned avenues were insufficient to grant relief, I think our courts should feel at liberty to decree justice between these parties. It is true that New York grants recognition to "bilateral" Mexican divorces, such as this one (*Rosenstiel* v. *Rosenstiel*, 16 N Y 2d 64); but we are not required to recognize a foreign decree when our policy is offended by that decree, and we may even deny it prima facie validity for that reason.

(*Rosenbaum* v. *Rosenbaum*, 309 N. Y. 371, 375); and, if necessary so to do in order to achieve a just result, we should not hesitate to invoke this latter principle.